CONNECTICUT RIVER SAVINGS BANK *v.* FISKE *& a.*

Under Gen. Laws, c. 149, s. 21, providing that an officer of a corporation who has paid a corporate debt for which that chapter made him liable shall have no claim against the stockholders individually for contribution, a director acquires no such claim by paying a judgment rendered against him as indorser of a corporate note issued with his consent in excess of the statutory limit of indebtedness.

Under Gen. Laws, c. 149, s. 15, providing that no stockholder who consented to the creation of a corporate debt in excess of the statutory limit "shall recover against any stockholder who did not . . . consent thereto," a stockholder to whom the corporation became immediately and originally indebted in excess of the statutory limit cannot recover against stockholders who did not consent.

BILL IN EQUITY, to enforce the individual liability of the stockholders of the Charlestown Boot & Shoe Company. Reported 60 N. H. 363. Seventeen of the defendants appeared and contested the suit. Five of the other seven defendants did not appear. Dunsmore and Charles Willard, the other two defendants, appeared, and moved for leave to be joined as plaintiffs. The representatives of Baldwin, a deceased stockholder, and George Willard, who had bought Baldwin's stock and left the state, were not joined as defendants in the bill. Facts found by a referee.

Dunsmore's claim is a judgment recovered by him against the corporation, September 13, 1879. February 25, 1873, he had indorsed a note for the company, payable to A. E. Spaulding or order. Dunsmore was at that time, and had since been, up to the date of suit, both a stockholder and a director of the corporation. ( *C. B. & S. Co.* v. *Dunsmore*, 60 N. H. 85.) A subsequent holder of the note recovered judgment against Dunsmore ( *Carey* v. *Dunsmore*, 58 N. H. 357), who paid it, and obtained judgment against the corporation. Charles Willard's claim is a judgment recovered by him against the company, dated February 24, 1879, and founded on a debt contracted by the corporation to him, September 11, 1872, and of a small balance on account. He was a stockholder from the organization of the company up to the date of suit, and since January, 1873, had been a director. During 1872 and 1873, the years in which these debts were contracted, the indebtedness of the corporation exceeded one half the value of its property to an amount greater than the claims of Dunsmore and Willard. Demands were duly made, and the executions are unsatisfied.

*I. Colby*, for Dunsmore and Willard. Under Gen. St., *c.* 135, *s.* 8, every stockholder is liable for all debts of the corporation. There is no restriction on this liability, except as mentioned in the preceding section, and this case does not come under any of these exceptions.

Even if ss. 15 and 21 are applicable, they are not intended to abridge the right of any stockholder to recover upon a claim founded on contract. The statute intends only that he who violates its provisions, and is made to pay for the violation, shall not have contribution for what he has been compelled to pay.

The provisions making a director liable are intended as an additional security for the creditor, and the stockholders can take no advantage of them.

These claims have gone to judgment, and should have been resisted, if at all, in the suits at law.

*E. L. Cushing* and *E. Burke*, for the defendants.

DOE, C. J. The debts of such a corporation as this "shall not exceed the amount of one half of its stock actually paid in, and

of its other property and assets . . . ; and in case of any
excess, the directors under whose administration it shall happen
shall be jointly and severally liable, to the extent of such excess,
for all the debts of the corporation then existing, and for all that
shall be contracted so long as they shall respectively continue in
office, and until the debts . . . shall be reduced to the amount
herein prescribed, provided that" directors, absent or objecting,
"may exempt themselves from said liability." Laws 1846, c. 321,
s. 2.

No such corporation "shall contract debts . . . exceeding
one half of its capital stock then actually paid in and ·unimpaired,
and of its other property and assets." "If any corporation, by
vote or by its officers, shall violate" this provision, "the directors
shall be individually liable, to the amount of . . . the excess
of debts and liabilities above half the capital stock paid in, and of
the other property and assets, for all the debts and contracts of
the corporation then existing, or contracted while they respect-
ively remain in office." "If any director, being absent at the time
of the acts done in violation of said provisions, shall not have
advised or consented thereto, or, being present, shall have objected
and filed his objections thereto in writing with the clerk at the
time, he shall be exempt from such liability." Gen. St., c. 135,
ss. 4, 5, 6; G. L., c. 149, ss. 4, 5, 6. "One half of its capital
stock then actually paid in and unimpaired, and of its other prop-
erty and assets," means one half of the value of all its property.
Capital "paid in and unimpaired" is its property, and with its
"other property" makes all its property, one half of which is the
limit of indebtedness. The company is forbidden to run in debt
beyond one half of what it is worth, and is able to pay.

By s. 15, "Any stockholder who has voluntarily paid any debt or
liability of a corporation, after demand . . . , which he was legal-
ly holden to pay, may have contribution by a bill in equity against
the other stockholders for such sum as he ought equitably to re-
cover; but no director, officer, or stockholder who advised or con-
sented to any act in violation of the provisions of this chapter shall
recover against any stockholder who did not advise or consent
thereto." By s. 21, "Any officer of a corporation, who shall have
paid any debt or liability of the company for which he is made lia-
ble by the provisions of this chapter, may recover the amount so
paid, in a bill against the company; but he shall have no claim
against the stockholders individually therefor." The exception in
this section, giving an officer no claim against the stockholders indi-
vidually, is a denial of contributory right to an officer who has
paid a debt for which he is made liable by this chapter. He may
recover of the corporation what he has paid, but not of the stock-
holders. Their corporate property is held to indemnify him, but
their other property is not held. If they have no other estate than
their stock, all their property may be thus indirectly taken by the

corporate creditors to satisfy debts incurred by the directors in violation of this chapter. In this case, the effect of *s.* 21 is, that although the officers have exceeded the limit of indebtedness in violation of the law, the excessive debt is nevertheless the debt of the company, and the officers contracting it, although made personally liable for it and compelled to pay it because they exceeded the limit, have still the remedy against the company which a surety has who pays the debt of his principal. As a penalty for exceeding the limit, they are made sureties of the corporation to the amount of the excess, but the other stockholders are not individually liable to them therefor. This section is *s.* 30 of *c.* 141 of the Revised Statutes, with changes regarded by the commissioners as merely verbal. Com'rs' Rep., *c.* 136, *s.* 21. In the Revised Statutes, it is in the chapter on manufacturing corporations. In the revision of 1867, it was extended from officers of manufacturing companies to officers of all corporations, except banks, whose object is a dividend of profits (insurance companies being also exempted from the limitation of indebtedness), and the officer was allowed to recover of the corporation in a bill instead of in assumpsit for money paid for the use of the corporation.

The law will be applied at the trial term to the facts there agreed upon or otherwise found. As we understand the case, the note indorsed by Dunsmore for the company, February 25, 1873, was a debt, or was for a debt, created with his consent beyond the statutory limit, and he was for that reason made liable by *s.* 5 to pay the debt. If the indebtedness upon the note indorsed by him was beyond the statutory limit, and was contracted with his consent, and if he had been compelled to pay it, not as indorser, upon his personal contract with the payee and holder, but as an officer, made a surety by the statute for consenting to the creation of a debt beyond the limit, he would have no remedy against the stockholders. And although he was compelled to pay the note as indorser, upon his personal contract, and not as an officer, upon his statutory liability, he is within the letter of *s.* 21. He has paid a debt for which he was made liable by the statute, and for the payment of such a debt *s.* 21 says he shall have no claim against the stockholders. The statute does not say "who has been compelled to pay a debt by the provisions of this chapter," but "for which he is made liable by the provisions of this chapter." The statute looks only to the creation of the liability, and whether the creditor availed himself of the official liability, or whether there was any litigation to enforce it, is immaterial. The literal construction producing this result might not prevail if it were so in conflict with the spirit and object of the statute as to show that it was not intended by the legislature. But the spirit of the law relieves the stockholders from individual liability to officers for debts for which the officers become liable in consequence of their official violation of the statute. The circumstance

that Dunsmore was liable to pay the note on two distinct grounds —as an indorser (on his personal contract) and as an officer (made a surety by the statute by way of penalty)—does not give him a remedy against the stockholders which he would not have if he had been liable only on the latter ground. The additional ground of his liability is no reason for imposing individual liability upon the other stockholders in his favor. Nor is a liability to him imposed on them by the circumstance that the holder of the note chose to compel him to pay it as an indorser, and not as an officer. It was not for the creditor to elect to give Dunsmore a right of action against the other stockholders. If this could be done, all such officers, by becoming ordinary sureties or indorsers, might avoid the statutory penalty of being made sureties with no remedy over against the stockholders, and the purpose of the legislature could thus be defeated. It is true that the same result would be reached if the creditor pursued the stockholders on some ground of their liability,—as, the non-payment of the whole amount of the capital. But if the stockholders were not liable to the creditor for the debt, they ought not to be liable for it to an officer who has been compelled to pay it as a penalty for exceeding the limit. The statute imposed upon officers the duty of not exceeding the limit, with a certain penalty if they did, to wit, the penalty of being sureties for the corporation without a right of contribution from the stockholders. Here is a plain official duty, and a plain penalty for violating the duty,—the penalty of not having contribution. Here, too, is a certain limitation of the statutory individual liability of stockholders; for this provision was intended for their protection as well as for the punishment of delinquent directors. The construction is, that a director, who by the statute becomes liable to pay a debt contracted beyond the statutory limit, cannot have contribution from the stockholders, although the creditor chooses to compel him to pay the debt on another ground. The literal construction of s. 21 expresses the intention of the legislature.

As Charles Willard has not paid any debt for which c. 135 makes him liable, s. 21 is not applicable to his claim. Section 15 provides that any stockholder who has voluntarily paid any debt of the corporation, after demand, which he was legally holden to pay, may have contribution by a bill in equity against the other stockholders for such sum as he ought equitably to recover, "but no director, officer, or stockholder, who advised or consented to any act in violation of the provisions of this chapter, shall recover against any stockholder who did not advise or consent thereto." This section puts stockholders claiming contribution upon no better footing than officers. Stockholders consenting to an act in violation of the chapter do so at the peril of not having contribution from those not consenting. Is this peril restricted to the recovery of the corporate debts mentioned in the first part of the

section and paid by them, or does it include credits which they possess against the corporation by virtue of contracts originally made by them with the corporation directly?

Taken literally, the prohibition bars every claim of a stockholder who has consented to such a debt. The words are not "shall recover such claim," but "shall recover against," etc. If the literal construction is the true one, Willard, upon the facts as we understand them, cannot recover of the defendants, who did not consent to incurring the debt to him, since he consented, as stockholder, to the corporation's contracting the debt to himself in excess of the statutory limit. Is the literal construction the true one? This section is s. 5 of c. 146 of the Revised Statutes, and other laws, with changes of language understood by the commissioners of revision not to affect the sense. Com'rs' Rep., c. 136, s. 15. In the Revised Statutes the first clause refers to "any such debt," that is, any debt for which previous sections imposed individual liability upon the stockholder. The last clause, debarring those who consented to any violation of the chapter, was added by the commissioners of the revision of 1867. The commissioners may have understood there was a common-law right of contribution in favor of stockholders who paid a corporate debt upon their statutory partnership liability, unless they had consented to some act in violation of the chapter, in which case they could not recover contribution against those who did not consent to the same act. If the insertion of this clause did not change the Revised Statutes, it must have been a reënactment of the common law or of the construction of the Revised Statutes.

The construction is not free from doubt; but we are inclined to the opinion that the second clause, added by the commissioners in 1867, relates not merely to the first clause of the same section and is not only a restriction of the remedy of that section, but applies equally to debts originally contracted by the stockholder with the corporation. If the directors could avoid the limitation of the right of contribution by hiring money of each other, or by contracting debts to themselves, and so not come within the condemnation of those who violate the law and thereby become liable for a corporate debt which they pay,—if they could have contribution as creditors and not as stockholders,—there would be a license apparently not designed by the legislature. Though these stockholders happen to be creditors of the corporation, they do not stand like creditors who are not stockholders, and who may maintain a bill against all the stockholders on their statutory liability. A stockholder who is a creditor, and who has "consented to any act in violation of" the chapter, is barred from a contribution that would reimburse him for the prohibited debt to whose creation he consented. One object of the provision seems to be to exempt non-assenting stockholders from individual liability for excessive indebtedness unlawfully contracted by the directors, and to put

the partnership burden of personal responsibility upon those who consent. Contribution, in such a case as this would partially defeat such a purpose. Charles Willard, a stockholder, having consented to the creation of the debt to himself in excess of the statutory limit, is not entitled to contribution from those who did not consent.

It is not found as a fact that there was unreasonable delay in bringing this action, or that Baldwin's representatives or George Willard should have been joined as defendants. If a pursuit of them in this jurisdiction would have been fruitless, their shares of contribution fall upon others. *Erickson* v. *Nesmith*, 46 N. H. 371, 378. On this point the parties do not differ as to the law. If there is any controversy as to the fact, it will be settled at the trial term.

*Case discharged.*

ALLEN and SMITH, JJ., did not sit: the others concurred.