Bassett et al. *v.* St. Albans Hotel Company et als.

---

GEORGE W. BASSETT AND ABRAM FRENCH *v.* THE ST. ALBANS HO-
TEL COMPANY, THE WELDEN HOTEL COMPANY, WORTHINGTON
C. SMITH, BRADLEY BARLOW, H. N. BARBER, ASAHEL S. HYDE,
WILBUR P. DAVIS, EDWARD A. SMITH, MARTIN A. SEYMOUR,
AND GEORGE G. HUNT.

[IN CHANCERY.]

*Corporation.    Fraudulent Conveyance.    Chancery.    Statute of
Limitations.*

If the officers of an insolvent corporation should neglect to call in unpaid subscriptions
due the company from solvent stockholders, it would be the duty of the court of
chancery, if such stockholders were parties to the bill, to decree payment to a judg-
ment creditor of the company, to at least the extent of such unpaid subscriptions
that were collectable. Ross, J.

40

Bassett et al. v. St. Albans Hotel Company et als.

A judgment creditor must levy his execution upon the land, before he can resort to chancery to have the conveyance thereof by his debtor decreed void as to him. Ross, J.

When a statute makes the officers of a corporation personally liable *in an action founded on the statute*, for all debts of the corporation contracted during the period of any neglect or refusal of such officers to perform certain statutory duties, a creditor of such corporation cannot enforce such liability in chancery—his remedy is complete at law, upon the statute.

Such liability accrues when the debt is thus contracted, and the statute of limitations is not arrested thereon by the recovery of a judgment on such debt against the corporation.

APPEAL from the court of chancery. The case was heard on bill, answer, traverse, and proofs, at the September term, 1873, ROYCE, Chancellor, when the bill was dismissed, *pro forma*, with costs. Appeal by the orators. The opinion states the points raised.

*Davis & Adams*, for the orators.

*Noble & Smith*, for the defendants.

The opinion of the court was delivered by

ROSS, J. The orator Bassett having obtained judgment at law against the St. Albans Hotel Company, and having taken out execution on the judgment and placed the same in a officer's hands, who has returned it unsatisfied, sold and assigned that judgment to the orator French. The orator French brought this bill against the hotel company and the other defendants, who were officers of that company, and claims that the court of chancery, on the bill, answer, and proofs, ought to have decreed that the defendants should pay him the amount of that judgment. He claims that he is entitled to this relief on several grounds.

First. He alleges and claims that it is substantiated by proof, that the hotel company is insolvent, and that there is an unpaid balance due the company from solvent stockholders, which the other defendants, as officers of the company, have neglected to call in. -If this ground for relief were established, and the delinquent stockholders were parties to the bill, it would have been the duty of the court of chancery to have granted the orator French, relief, to the extent at least of the amount of the uncol-

lected subscriptions now collectable against solvent stockholders. We do not think the orator has established that there are any uncollected subscriptions due the defendant company ; and if there were such, the statute of limitations relied upon by the defendants, would be a bar to the collection of such subscriptions, as the liability of such defendants, and right of the company to enforce the collection of such subscriptions, accrued more than six years before this bill was filed.

Second. The orator avers that the sale and conveyance of the property to the Welden Hotel Company, was fraudulent. . This claim is also unsupported by the proofs. Were it established, the orator should have levied on the property before coming to the court of chancery for aid. If that sale and conveyance were fraudulent as to the orator, by reason of his being a creditor of the defendant company, he could and should have taken the property in satisfaction of his judgment, and then the court could have decreed the sale and conveyance of so much of the property as he had taken, void. As the orator now stands, the court of chancery could not have granted him any relief on this ground, without setting aside the entire sale and conveyance. For aught that is alleged or shown, that sale and conveyance might have been valid between the parties thereto, and only void as to creditors of the defendant company. Hence the orator should have seized upon and set off in satisfaction of his debt a specific portion of the property, so that the court of chancery could have decreed the sale and conveyance void as to that portion only, and have allowed them to stand good between the parties as to the remainder of the property.

Third. The orators claim that at the time the indebtedness to Bassett was contracted, the directors and officers of the defendant company had contracted debts in the name of the company, in violation of the act of incorporation, to an amount exceeding three-fourths the capital paid in or secured to the company, and in this way had rendered themselves personally liable for the debt due the orators. The act of incorporation is silent in regard to the effect of such violation of the charter. Sec. 5 of the act subjects the corporation to the provisions of ch. 86 of the Gen. Sts. in

regard to private corporations. Sec. 63 of ch. 86 provides, that for a violation of the charter, the directors and officers shall be liable to an action brought on that section. This provision affords the orators ample remedy for such violation at law, and precludes them from pursuing the defendants in chancery. We also think that if the orators' remedy in this particular was in chancery, the defendants could avail themselves of the statute of limitations in bar of the orators' right of recovery. The right of action accrued to the orators, if at all, when the debt to Bassett was contracted, and the statute then commenced to run. The judgment at law against the defendant company, did not in any manner involve this right of action, if the orators had such a right, and did not operate to stay the running of the statute. Upon any view of the case presented by the orators, we find no error in the decree of the court of chancery dismissing the bill ; and that decree is affirmed, and the cause remanded.