FRANK GERTLER *vs.* JACKSON A. LINSCOTT

## June 12, 1879.

**Joinder of Causes of Action.**—A cause of action upon contract, and one for a tort, cannot be united, unless the complaint show that they are parts of the same single transaction, or of a series of transactions all connected together and not independent of each other, and all connected with the same subject of action.

**Same—Separate Causes, how pleaded.**—The statement of facts in one cause of action will not help the statement of another cause of action, except so far as it is referred to in, and by such reference made part of, the statement of such other cause of action.

Appeal by defendant from an order of the district court for Stearns county, *McKelvy,* J., presiding, overruling a demurrer to the complaint for misjoinder of causes of action.

*D. B. Searle,* for appellant.

*Taylor & Storey* and *C. K. Davis,* for respondent.

GILFILLAN, C. J.   The complaint sets forth two causes of action.   The first is upon a contract between plaintiff and defendant, providing for and regulating the separate enjoyment by each of them, at alternate periods, of a mill, of which they were tenants in common, and also providing for the payment, by each, of an agreed part of the expense of keeping the mill in suitable condition for business.   The second cause of action is in form for a tort, in wrongfully drawing off and diverting water from the stream and pond on which the "mills" which plaintiff and defendant were running and using were situated.   To the complaint there is a demurrer, on the ground that several causes of action, to wit, one upon contract, and one for tort, are improperly united.

There is no doubt that the two causes of action in this complaint cannot be united, unless within the first class specified in Gen. St. *c.* 66, § 98; that is, unless they are included in "the same transaction, or transactions connected with the same subject of action."   As a general rule a cause of action

upon contract cannot be joined to one for a tort; and where they are joined, the joinder is improper unless it appear from the complaint that they come within the first class in that section, and so are excepted from the general rule. The phrase in the statute, "the same transaction, or transactions connected with the same subject of action," is very indefinite, and it is difficult to define satisfactorily the causes intended to be covered by it. But it is evident that where a cause of action of one class is stated, the statement of another cause of action belonging to another class must show that they are parts of the same single transaction, or of a series of transactions all connected together, not independent of each other, and all connected with the same subject of action. The complaint in this case does not meet this requirement.

The facts stated in a first cause of action will not help the statement of a second, except so far as the statement of them in the first is referred to in, and made by such reference a part of, the statement of facts in the second. In this case neither cause of action refers to the facts stated in the other. We might conjecture that the "mills" mentioned in the second are the same as the mill or mills mentioned in the first. That is as far as we could get towards finding a connection between the two causes of action, even if it were permitted to indulge in conjecture, and that would be far from enough to justify the joinder of the two causes in one action. The demurrer was well taken.

Order reversed.