JAMES K. HUMPHREY *vs.* WILLIAM R. MERRIAM.

December 9, 1887.

**Demurrer—Misjoinder of Causes.**—Demurrer for misjoinder of causes of action will not lie where the complaint clearly indicates, as in this instance, that the alleged acts arise out of, and relate to, a single transaction.

Appeal by defendant from an order of the district court for Ramsey county, *Wilkin*, J., presiding, overruling a demurrer to the complaint.

*C. E. & A. G. Otis* and *Geo. B. Young*, for appellant.

*J. B. Brisbin*, for respondent.

COLLINS, J.[1] The complaint in this action sets forth the purchase by plaintiff from defendant of certain shares of the capital stock of a corporation, the real value of which depended upon the value of a mine then owned by said corporation in Dakota; that said defendant, by his agent, for the purpose of inducing plaintiff to make the purchase, with intent to cheat and defraud plaintiff, did falsely and fraudulently represent and warrant certain things (fully detailed) about said mine, which were in fact untrue, and so known to be by defendant; and did also, upon the same day, in person, by an instrument in writing, falsely and knowingly, with the aforesaid intent, represent and warrant that no assessments had been made, or were soon to be made, against said stock, which was also untrue. Further allegations follow, as to plaintiff's reliance upon said representations, and that upon discovery of their false and fraudulent character he offered to return, etc. To this complaint said defendant demurred, upon the ground of misjoinder of causes of action, viz., a cause of action for deceit, and a cause of action for breach of warranty.

Under the first subdivision of section 118, chapter 66, Gen. St. 1878, the plaintiff is permitted to unite several causes of action when they are included in "the same transaction or transactions connected with the same subject of action." And under this subdivision an

---

[1] Mitchell, J., being absent during the argument, took no part in this case.

action upon contract, and one sounding in tort, may be united. *Gertler* v. *Linscott*, 26 Minn. 82, (1 N. W. Rep. 579.) It follows that if several causes of action are stated in this complaint, but it is also evident that they are included in the same transaction, they are not improperly united, and a demurrer for misjoinder will not lie. In this instance the pleader sets forth what he claims were the facts surrounding his purchase of the shares of stock,—a single transaction. It is true that the pleading may be faulty, and if so the defendant has a remedy, but it is not the one pursued.

Order affirmed.