# CASES

ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

WILLIAM C. BAXTER v. JERRY COUGHLIN and Others.[1]

November 5, 1897.

Nos. 10,721—(194).[2]

**Torts—Statutory Prohibition—Action for Damages.**
　　Where a statute, for the protection and benefit of individuals, prohibits a person from doing an act or imposes a duty on him, if he disobeys the prohibition or neglects to perform the duty, he is liable to those for whose protection the statute was enacted for any damages resulting proximately from such disobedience or neglect.

**Bank—Receiving Deposit When Insolvent—Liability of Directors—Laws 1895, c. 219—Pleading.**
　　*Held,* construing chapter 219, Laws 1895, relating to receiving deposits in insolvent banks, that, within the rule stated, the complaint herein, which alleges that the defendants, as directors of an insolvent bank, received from the plaintiff a deposit of money therein, knowing the bank to be then insolvent, of which fact he was ignorant, whereby he lost the deposit,—states a cause of action.

　　Appeal by defendant Michael W. Nash from an order of the district court for Hennepin county, Jamison, J., overruling his demurrer to the amended complaint on the ground that it failed to state a cause of action. Affirmed.

　　*Steele & Megaarden,* for appellant.
　　The trial court bases its order overruling the demurrer solely on the ground that, where damages are the result of an act declared to

---

[1] Reported in 72 N. W. 797.　　[2] See note on page iv. supra.

70 M.—1

be wrongful and unlawful, such damages may be recovered in a civil action. We do not dispute this doctrine as a general proposition, but it is not alleged in the complaint that the directors or any of them received this money. When plaintiff made this deposit no contract, implied or expressed, was created between him and the directors or any of them. The contract was between plaintiff and the corporation. The act of receiving the deposit was the act of the corporation so far as any civil liability is concerned, and the act of the officer receiving the money was his act alone as to criminal liability. Briggs v. Spaulding, 141 U. S. 132. All the authorities hold that this action cannot be maintained without the aid of a statute making the directors liable, or without some provision in the charter or articles of incorporation of the bank on which the directors are held liable. Zinn v. Mendel, 9 W. Va. 580; 3 Thompson, Corp. § 4137; Frost v. Foster, 76 Iowa, 535; Fusz v. Spaunhorst, 67 Mo. 257; Priest v. White, 89 Mo. 609; National v. Peters, 44 Fed. 13; Smith v. Poor, 40 Me. 415; Branch v. Roberts, 50 Barb. 435; 1 Beach, Priv. Corp. § 255; Salmon v. Richardson, 30 Conn. 360; Vose v. Grant, 15 Mass. 505; Crown v. Brainerd, 57 Vt. 625.

*George R. Robinson,* for respondent.

The trouble with the contention of appellant's counsel is that in this case the directors are the bank. They direct and they manage it, and it is expressly alleged in the complaint that they kept the officer there to receive deposits at a time when they could not do so rightfully, for the reason that they knew the bank to be insolvent. For the construction of a statute similar to ours, see State v. Shove, 96 Wis. 1. The act complained of was injurious to the plaintiff, and he is entitled to the remedy invoked. First National v. Harper, 61 Minn. 375; Rochester v. Loomis, 45 Hun, 93; Moseby v. Williamson, 5 Heisk. 278.

START, C. J.

Appeal by the defendant Nash from an order overruling his demurrer to the complaint. The complaint alleges that at all times between July 1, 1895, and January 16, 1896, the Irish-American Bank was a corporation duly organized under the laws of this state as a bank of deposit and discount, and doing business as such. That

during all such time the defendants were the directors of such bank, which was insolvent and without sufficient property to pay its debts, which fact the defendants well knew during the whole of such time. That at divers times between the dates named, by an officer employed and authorized by them, the defendants, as such directors, received from the plaintiff on deposit in the bank the money of the plaintiff to the amount of $51,577.78; they then knowing that the bank was insolvent, and that it had not sufficient assets with which to pay its creditors. That when he made such deposits he had no knowledge of the insolvency of the bank, and did so believing it to be a responsible bank and fully solvent and safe. That of the money so deposited the plaintiff afterwards received from the bank $18,-879.83, and no more. That on January 16, 1896, the bank closed its doors and made an assignment for the benefit of its creditors, pursuant to the insolvent laws of the state, at which time it had not to exceed $1,800 with which to pay its debts, and its assets will not pay more than 20 per cent. thereof. That, by reason of the wrongful acts of said defendants in so receiving the money of this plaintiff with full knowledge that said bank was unsafe and insolvent, said money was wholly lost to this plaintiff. And that plaintiff sustained damages in the sum of $32,697.95.

Do these facts constitute a cause of action? We answer the question in the affirmative. The defendants, in receiving the deposits knowing the bank to be insolvent, violated a legal duty, and committed an act prohibited by Laws 1895, c. 219, § 2, which, so far as here material, is in these words:

"Any officer, director, stockholder, cashier, teller, manager, member, messenger, clerk, person, party or agent of any bank, * * * who shall accept or receive on deposit in such bank * * * from any person any money, * * * when he knows, or has good reason to know, that such bank * * * is unsafe or insolvent * * * and any person * * * who shall be accessory to or permit or connive at the receiving or accepting on deposit therein or thereby any such deposits * * * shall be guilty of a felony, and upon conviction shall be punished by imprisonment in the state prison not more than ten years, nor less than one year, or by fine not exceeding ten thousand dollars and not less than five hundred dollars."

The purpose of this statute is to protect depositors in a bank, by

punishing its officers for receiving deposits when the bank is insolvent. By necessary implication, it makes it the duty of the directors or other officers of the bank to refrain from accepting or receiving deposits when they know the bank to be insolvent. The solvency or insolvency of a bank is a matter peculiarly within the knowledge of its directors. On the other hand, depositors have no means of accurately informing themselves on the subject. They must act upon the presumption that the directors are not violating the law, by keeping their bank open for receiving deposits when it is insolvent.

This case, then, falls within the rule that where the statute, for the protection and benefit of individuals, prohibits a person from doing an act, or imposes upon him a duty, if he disobeys the prohibition or neglects to perform the duty, he is liable to those for whose protection the statute was enacted for any damages resulting proximately from such disobedience or neglect. Bishop, Noncont. Law, §§ 132–141; Cooley, Torts, 780; Bott v. Pratt, 33 Minn. 323, 23 N. W. 237; Osborne v. McMasters, 40 Minn. 103, 41 N. W. 543.

This proposition is not seriously controverted by defendant, but he claims that the allegations of the complaint do not bring this case within the rule. His contention, as stated in his brief, is briefly this: When the plaintiff made the deposit, no contract was created between him and the directors, but the contract was with the corporation; hence the person or officer who actually accepted and received the deposit is alone criminally liable,—that is, the statute is applicable only to the person performing the physical act of receiving the deposit, or who connives at receiving it. That it is not alleged that the defendant directors received the deposit in question, or connived at receiving it; therefore the complaint does not state a cause of action.

It is true that there was no contract between the directors and the plaintiff as to the deposit, and that the contract was between the plaintiff and the corporation; but the latter is an intangible legal entity, and could only contract through its duly authorized officers, of whom the directors were chief and had supreme control. When the receiving teller of a bank accepts a deposit for a bank, it is an act performed for the corporation by the direction and author-

ity of the directors.   It is they who, through him, receive the money for the bank.   To construe the statute as applicable only to the agent of the bank who performs the physical act of receiving the deposit, or connives at it, would nullify the statute; for the receiving teller, as a rule, has no opportunity to know, and in fact does not know, the financial condition of the bank.   If, then, the directors, knowing the bank to be insolvent, can make use of such teller to receive the deposits for the bank, without incurring on their part any civil or criminal liability, the statute is a farce.   Such is not the case, for the hand of the teller is the hand of the directors, so far as he acts by their authority and direction.   He has no independent volition or will in the premises.

Now the complaint specifically charges that the defendants, as directors, knowing the bank to be insolvent, by an officer authorized by them so to do, did receive the deposit in question, then knowing that the bank was insolvent.   This is a sufficient allegation that they themselves received the deposit, within the meaning of the statute.   The complaint also shows upon its face that the plaintiff's loss of his deposit was the direct result of the defendants' failure to obey the statute, and to discharge the duty they owed to him,— to refrain from receiving deposits when they knew the bank to be insolvent.

Order affirmed.