Hillsborough,
  Dec., 1900.

### SWAN & a. v. BURNHAM & a.

Where a hotel company contracts debts exceeding one half the value of the
    corporate property, a cause of action to enforce the individual liability of
    the directors accrues to existing creditors at the time the indebtedness in
    excess of the legal limit is incurred, and, the conditions continuing, to sub-
    sequent creditors as their debts are created.

In such case a new cause of action is not created by each increase of the
    indebtedness after the legal limit has been passed, and a suit against the
    directors is barred by the statute of limitations unless brought within six
    years after the cause of action accrued.

The fact that a creditor of a corporation reduced his claim to a judgment
    within six years after the debt was contracted does not create an indebted-
    ness which imposes an individual liability upon the directors, nor take a
    cause of action against them out of the operation of the statute of limitations.

In an action to enforce the individual liability of directors, it is no defence
    that the plaintiff had knowledge of the fact that the indebtedness of the
    corporation was in excess of the legal limit.

An action to enforce the individual liability of directors is not taken out of
    the operation of the statute of limitations by the acknowledgment and prom-
    ise of a managing director in behalf of the corporation.

BILL IN EQUITY, to enforce the individual liability of the direc-
tors of the Mont Vernon Hotel Company. Answer, that the cause
of action did not accrue within six years, etc. Facts found by the
court.

The Mont Vernon Hotel Company is a New Hampshire corpo-
ration, and the defendants were directors during the years the debts
in question were contracted. They made annual returns of the con-
dition of the corporation to the secretary of state, from which it
appeared that its debts were in excess of one half of the value of
its property, to an amount exceeding the plaintiffs' claims. All
but two of these claims have been reduced to judgments against the
corporation.

Subject to exception, evidence offered by the plaintiffs was ex-
cluded, tending to show that within six years from the beginning
of these proceedings one of the defendants, acting in his capacity
as manager of the Hotel Company, acknowledged that the debts
were justly due from the corporation, and promised in behalf of
the corporation to pay the same.

A decree was ordered for the plaintiffs for all debts which be-
came due from the company within six years prior to the beginning
of the suit, and both parties excepted.

*Henry B. Atherton*, for the plaintiffs.

*Edgar L. Kendall* and *Hamblett & Eaton*, for the defendants.

PIKE, J. "No corporation, banks and insurance companies excepted, shall contract debts or incur liabilities exceeding one half the value of its property." P. S., c. 150, s. 4. If, by vote or by its officers, a corporation violates this provision, the directors thereby become individually liable to the amount of the excess "for the debts and contracts of the corporation then existing or contracted while they remain in office." *Ib.*, s. 5. The effect of these enactments is to impose the liability of sureties for the corporation upon the directors, to the amount of such excess, as a penalty for a violation of these provisions (*Conn. River Bank* v. *Fiske*, 62 N. H. 178, 181), and to give creditors a right of action against the directors to enforce the liability, independent of their rights of action against the corporation. *Conn. River Bank* v. *Fiske*, 60 N. H. 363, 370. It is not denied that a cause of action against the directors accrues to existing creditors at the time an indebtedness exceeding one half the value of the corporate property is incurred, and, the conditions continuing, to subsequent creditors when their debts are created. But the plaintiffs say that new causes of action accrue to existing creditors whenever the indebtedness of the corporation is increased after the debt limit has been passed. The language of the statute (*Ib.*, ss. 4, 5), when taken alone, may be capable of such a construction ; but it is not probable that the legislature intended to give to it that meaning. The only apparent purpose of such a provision would be to take causes like those in the present suit out from the operation of the statute of limitations. If such had been the purpose, the legislature would not have been likely to have left it to be implied, but would have expressed it in terms as definite as those making the directors sureties of the corporation for all indebtedness incurred in excess of one half the value of its property. *Ib.*, s. 5. A construction which does not take a cause of action that has once begun to run out of the operation of the statute is in harmony not only with these provisions, but also with the policy of the law which requires diligence on the part of creditors in the enforcement of their claims. It seems more probable than otherwise that the legislature intended that actions of this kind should be begun within six years after the cause of action accrued, and not afterward. P. S., c. 217, s. 3.

The fact that the claims of some of the plaintiffs were reduced to judgments against the corporation within six years from the time the debts were contracted is immaterial. It neither prevented

the running of the statute against the defendants, nor created an indebtedness that imposed a liability upon them. An indebtedness that will impose the liability can be created only by vote of the corporation, or by an act of its officers. P. S., *c.* 150, *s.* 5.

The defendants' claim that the plaintiffs are chargeable with knowledge of the illegal indebtedness of the corporation because of the reports filed with the secretary of state, and that therefore they "aided the defendants in violating the law," is without force. Actual knowledge would be no defence. In fact, it was necessary for the plaintiffs to know that debts of the corporation had been contracted in violation of the statute, in order that they might avail themselves of their remedy against the defendants, as directors.

The court was right in excluding the evidence that was offered to prove a new promise by the defendants. It is clear that it did not tend to prove such a promise as would take these claims out of the operation of the statute, even if it is conceded, as the plaintiffs claim, that the defendants' obligation as sureties was created by contract.

*Exceptions overruled.*

WALLACE and PEASLEE, JJ., did not sit: the others concurred.