BROTHERHOOD LOCOMOTIVE FIREMEN v. SARAH C. HAND ET AL.

[44 South., 161.]

INSURANCE. *Contracts. Benefit association. Application rejected.*

A contract cannot be predicated of an application to a benefit association for life insurance by one who failed to comply with the regulations of the order and whose application was not passed upon by the medical examiner of the association until after the applicant's death, and then rejected.

FROM the chancery court of Lauderdale county.

HON. JAMES L. McCASKILL, Chancellor.

Mrs. Hand and another, the appellees, were complainants in the court below; the Brotherhood of Locomotive Firemen and certain officers of a subordinate lodge, appellants, were defendants there. From a decree in favor of the complainants the defendants appealed to the supreme court.

The appellees, the mother and father of Vinton M. Hand, deceased, brought this suit to recover $1,500 life insurance on the life of their deceased son, which they claimed to be due them from the defendants. The said Vinton M. Hand, some few months before his death, made application to the local lodge of the Brotherhood for membership therein and for a certificate of insurance in the beneficiary fund of the order on his life, which was referred to a committee of investigation appointed by the local lodge to examine into his qualifications, which committee passed favorably upon it. Subsequently

Hand made application for a beneficiary certificate of insurance, using a form called in the pleadings and evidence, a white form, which the lodge claimed was obsolete, but which was received by the grand lodge, and the application referred to the grand medical examiner whose approval, according to the rules and regulations of the order, is a condition precedent to any right to participate in the beneficiary fund of the order. While the application was still in the hands of the grand lodge, and before the grand medical examiner had acted upon the application, Hand died. Subsequently this suit was begun and the bill of complaint charged "that the said Vinton M. Hand, possessing all the qualifications for membership in said association, and having made out his application in accordance with the constitution of said association, and the same having been forwarded to the grand medical examiner, it thereupon became the duty of the said grand medical examiner to pass upon the said application and approve the same; but the said grand medical examiner in violation of his said duty, as fixed by sec. 35 of the constitution of the order, failed and neglected to discharge said duty, and failed and neglected to pass upon said application for a certificate in said beneficiary department. . . . that the application of the said Vinton M. Hand was not passed upon or disapproved until after the death of the said Vinton M. Hand, and that the excuse on which said grand medical examiner pretended to disapprove was that said application was made out on a white form, instead of on a blue form; but the application was made out in compliance with the requirements of said constitution, and it was immaterial what color of paper the application was written upon, and other members of said association who joined the same at the same time, and before and after the said Vinton M. Hand, made out their applications upon the same forms as did the said Vinton M. Hand, and received their beneficiary certificates, and the said Vinton M. Hand made out said application upon the forms furnished to him by the defendant; and

the action of the said medical examiner in disapproving said application after the death of the said Vinton M. Hand, was arbitrary, illegal, and contrary to the constitution and laws of said association, and said association is indebted to the complainant in the sum of $1,500 and interest thereon."

The evidence further showed that the local lodge took charge of the funeral of the deceased, burying him according to the rites of the order.

*G. Q. Hall, Hall & Jacobson,* for appellant.

The Brotherhood of Locomotive Firemen is a labor organization, operating under clearly defined rules and regulations; and the mode of attaining to membership in the order, and of securing a beneficiary certificate of life insurance therein, is solely through the method prescribed by the rules of the order. An applicant for beneficiary certificate of life insurance is obligated, in writing, "to comply with all the laws, usages and regulations of the order as the condition upon which he shall be entitled to participate in the beneficiary department." Each applicant for such certificate is furnished with a copy of the constitution and by-laws of the order, in order that he may be informed as to its laws and regulations. A local medical examiner is provided for each subordinate lodge of the order, his duties being "to make personal examination of all applicants for membership, on forms prescribed by the grand lodge, and to perform such other duties as the laws, rules and regulations of the order require." In addition to the examination of the applicant for life insurance by such local medical examiner, there must subsequently be an approval of the application by an officer of the grand lodge, to-wit, the grand medical examiner, whose duty is "to examine all applications for beneficiary certificates, and to pass promptly upon the same." And it is expressly provided by the rules and regulations of the order that "neither the applicant nor any beneficiary whom he may designate, shall be entitled to participate

in the beneficiary department, nor in any other fund of the Brotherhood, until the grand medical examiner shall have examined and approved the medical certificate of the local medical examiner; and in the event that the grand medical examiner, who shall be the sole judge thereof, does not approve, but on the contrary, disapproves a medical certificate, then such member shall be classed as a nonbeneficiary member, and entitled to the rights, privileges and benefits of the order, except those participating in the beneficiary department."

Appellees' bill admits that no beneficiary certificate was ever issued on the life of decedent; and further, that the grand medical examiner's approval of the medical certificate was never had.  The bill merely recites that "the grand medical examiner, in violation of his duty, failed and neglected to discharge said duty, and failed and neglected to pass upon the application for a certificate in the beneficiary department." The facts constituting such alleged neglect of duty on the part of the grand medical examiner, are subsequently recited in the bill as follows: "The excuse on which the grand medical examiner pretended to disapprove the application, was that the application was made out on a white form, instead of on a blue form." In other words, the bill admits that the decedent made application for beneficiary certificate on an obsolete form, known as the "white form," instead of on a printed form of application required by the order, and known as the "blue form."  The evidence shows that there was a material difference in the conditions and stipulations of these two forms of application, and because of the necessity of more complete knowledge of the mental and physical conditions of applicants, the white form, used by the order in the early part of its existence, was superseded by the more complete blue form; and the blue form alone was in legal use when the decedent made his application.

If no contract of insurance was effected, then, of course, the appellees have no standing in court.  *New York Life Ins. Co.* v. *McIntosh,* 41 South. Rep., 381; 19 Am. & Eng. Ency, of

Law, p. 45, note 2, and p. 51; *Tufts* v. *Greenwald*, 66 Miss., 361.

Opposing counsel contended that the appellant was estopped to deny the existence of the alleged contract of insurance, because of appellant's acceptance of application fee from V. M. Hand. Our answer to this is, that evidence shows that the dues and fee of the initiation, independent of assessments for the beneficiary fund, amounted to $7.50, of which a part accompanied the application for membership. And that such amount as was paid by Hand, was by the master of the local lodge turned over to the treasurer of the local lodge, and was by him subsequently repaid to Hand, upon Hand's request, and after Hand had failed to procure the approval by the grand medical examiner of his beneficiary application. In any event, however, the fact that such payment was made to some officer of the local lodge, would create no liability against the beneficiary fund, because no assessment was ever made against Hand by the grand lodge, nor was his name on the list of beneficiary members, nor could Hand, nor any of the officers of the local lodge create any liability against the fund by such payment, for the reason that nothing was owing from Hand to the order on beneficiary dues, under the rules of the order, until approval should be made of his application by the grand medical examiner.

Liability could not arise against the beneficiary fund upon any principle of estoppel, because nonliability is written on the very face of the application for beneficiary certificate in these words: "I understand that until this application is approved by the grand medical examiner, I am not required to pay any beneficiary assessments, nor advance any sum of money for that purpose." Under the circumstances, there could be no liability upon the appellant by virtue of any acts of the members of the local lodge. *Sovereign Camp Woodmen of the World* v. *Dismukes,* 38 South. Rep., 351.

*Witherspoon & Witherspoon,* for appellees:

We submit, that the appellant is estopped to deny the existence of a contract of insurance between itself and the decedent, V. M. Hand; (a) because of the acceptance of, and subsequent failure to return, his application fee of $2, and by its acceptance and retention of his initiation fees and beneficiary dues, the appellant all the while knowing that Hand was paying such amounts in the belief that he was securing insurance on his life; (b) and because of the fraud of the secretary and treasurer of the local lodge in preventing the approval of Hand's application, and the issuance of a beneficiary certificate. *Burlington Association* v. *White,* 43 A. State Rep., 701; *Mechanics, etc., Ins. Co.* v. *Smith,* 79 Miss., 142; *Mitchell* v. *Ins. Co.,* 72 Miss., 53; *Assurance Co.* v. *Phelps,* 77 Miss., 625.

As regards the contention that the application was not properly made out, because a white form for application was used, instead of a blue form, we submit, that there was evidence to show that the application which was used by the decedent, was given him by the secretary and treasurer of the lodge of which decedent sought to become a member; and was, moreover, given in the actual presence of the master of the lodge. It is true, that the secretary and treasurer of the lodge testified that after Hand's application on the white form had been rejected, he made repeated demands on Hand to make out his application on a blue form, and that he testified that Hand refused or neglected to do so. But if such were so, it would appear that it should have been obligatory on the secretary and treasurer, under the circumstances, to write to the grand medical examiner, and explain to him that he was doing all he could to get Hand to fill out one of these blue forms.

The money paid into the lodge by the deceased has never to this day been returned to the appellee. Inasmuch as the decedent made an application for membership which was accepted by the proper officers of the local lodge, and his applica-

tion fees were received by the lodge, and the appellant failed either to issue him a nonbeneficiary certificate, or to disapprove his application before his death, it would seem inequitable in the appellant to contend that there was no insurance. The issuance of a policy is not necessary to complete a contract of insurance. *Jacobs* v. *Ins. Co.,* 71 Miss., 658; *Bishop* v. *Grand Lodge,* 20 N. E. Rep., 552; *Dorchester* v. *Supreme Lodge Knights of Honor,* 40 N. W. Rep., 545; *Van Dyke* v. *Ins. Co.,* 5 N. W. Rep., 236. The offer of insurance, and its acceptance, complete the contract. *Insurance Co.* v. *Herron,* 56 Miss., 643.

As regards the contention of appellant, that the grand medical examiner did not approve the form of application made, we submit, that the arbitrary failure of the grand medical examiner to approve the application, should not preclude the appellee from recovering the insurance. " Equity will consider that as done, which should have been done," and will consider the medical examination approved, if, under the circumstances, it should have been. *Oliver* v. *American Legion of Honor* (Calif.), 17 Am. Law. Rep., 301; *Murphy* v. *Sons & Daughters of Jacob,* 50 L. R. A., 111; *Sourwine* v. *Supreme Lodge K. of Pythias,* 54 Am. St. Rep., 532; *Am. Mutual Aid Society* v. *Helburn,* 85 Ky., 1; *Wolf* v. *Dist. Gr. Lodge,* 102 Mich., 23.


MAYES, J., delivered the opinion of the court.

After the most careful review of this record, we feel compelled to differ from the chancellor in the conclusion reached by him that there was a contract of insurance. Of course, if no contract of insurance had been effected, there could be no recovery, and our view of this record is that Vinton M. Hand, deceased, who it is claimed had taken out an insurance policy for the sum of $1,500 in the Brotherhood of Locomotive Firemen, never effected any insurance, and therefore there was no right to recovery. We deem it needless to rehearse the testimony in this case, further than to say that, though Vinton M. Hand

made application for insurance, it was never effected, because of the noncompliance by him with the regulations of the order.

Wherefore the decree appealed from is reversed, and the bill *dismissed.*