### A. H. REED v. SAMUEL BERNSTEIN.[1]

December 27, 1907.

Nos. 15,411—(88).

**Action—Joinder.**

A cause of action for unpaid rent due under a lease of real property, and a cause of action for damages occasioned by the wrongful act of the tenant in setting fire to the building, thus violating the covenants of the lease to return the premises at the expiration of the term in as good condition as when received by him—both arising out of the same transaction, namely, the lease—may be united in the same complaint.

**Complaint.**

Complaint construed, and *held* to state facts sufficient to constitute a cause of action.

Action in the district court for McLeod county to recover $3,725, balance due for rent of a certain building and damages caused by defendant wrongfully setting fire thereto. From an order, Morrison, J., overruling a demurrer to the complaint, defendant appealed. Affirmed.

*Moritz Heim,* for appellant.

*Reed & Brown,* for respondent.

BROWN, J.

Appeal from an order overruling defendant's demurrer to plaintiff's complaint.

The complaint sets out two causes of action: (1) For a balance alleged to be due as rent of a building that had theretofore been

[1] Reported in 114 N. W. 261.

leased to defendant; and (2) damages caused to the building so leased to defendant by his wrongful act in setting it afire. The grounds of demurrer are (1) that it appears upon the face of the complaint that several causes of action are improperly united, the first being in the nature of a breach of contract, the failure to pay the stipulated rent, and the second cause of action being for a wilful tort; and (2) that the complaint as to the second cause of action does not state facts sufficient to constitute a right of recovery.

The complaint alleges that on January 19, 1904, plaintiff and defendant entered into an agreement, a copy of which is attached to the complaint, and made a part of the pleading, whereby the plaintiff rented to defendant a certain store building and premises for the term of one year from February 1, 1904, at a yearly rental of $300, and that defendant entered into the possession and occupancy of the premises and continued in the same until June 1, 1905. No new lease or agreement was entered into at the expiration of the original contract; but defendant remained in said premises, and elected to hold the same for a second year. The complaint further alleges that defendant paid no rent for the use of the premises for the months of January, February, March, April, and May, 1905, and that there is due therefor the sum of $125. The second cause of action alleges substantially the same facts relative to the renting of the premises to defendant and his occupancy of the same. The written lease is referred to and made a part of the cause of action. It further alleges that while defendant was so in possession of the premises, he wrongfully and negligently set fire to and partly destroyed the building so occupied by him, to plaintiff's injury and damage in the sum of $1,200. The demand for judgment is that plaintiff recover the balance alleged to be due for rent, and treble the damages to the building caused by defendant's wrongful act in setting it on fire.

We are of opinion that the trial court was right in holding that there is not an improper joinder of causes of action. Both causes of action grow out of the contract and lease. By it defendant agreed to pay plaintiff a stipulated amount of rent for the premises, and by further provision he expressly agreed to keep and maintain the

premises in good condition, and to return the same to plaintiff at the expiration of the lease in the same condition they were in when he received them, ordinary wear and tear alone excepted. The first cause of action is for the rent alleged to be due for the use of the premises. The second is for the violation of the terms of the lease in reference to the covenants of defendant to return the premises to plaintiff in as good condition as when received. Both causes of action, therefore, arise out of the same transaction, within the meaning of section 4154, R. L. 1905; and, though the claim for damages for setting fire to the building sounds in tort, it amounts to a breach of the contract, and may properly be united with the cause of action for the failure to make payment of the rent. King v. Coe Commission Co., 93 Minn. 52, 54, 100 N. W. 667; Gertler v. Linscott, 26 Minn. 82, 1 N. W. 579.

The case of Wright v. Tileston, 60 Minn. 34, 61 N. W. 823, is not in point. That was an action to recover damages for the failure of defendant to surrender leased property in as good condition as when received, in which defendant answered that recovery was barred by a judgment in a former action involving the same subject-matter. The former action was brought to recover unpaid rent, but no recovery was claimed in the complaint for the breach of any of the covenants of the lease, save the nonpayment of rent. The court held that the former recovery was not a bar to the action for damages for the failure of defendant to surrender the premises in good repair, for the reason that such damages were not involved by the complaint in that action. The court did not hold, as we read the opinion, that both claims could not have been united in the former action.

The complaint alleges that the act of defendant in setting fire to the building damaged the property to the extent of $1,200, and the point is made that this is insufficient to show a right of recovery. It is claimed that the value of the property before and after the fire should have been alleged. This difference in value is, of course, the true measure of damages; but, as against a demurrer, the allegation that the property was damaged to the extent stated is sufficient.

Affirmed.