[Civil No. 2195.   Filed June 6, 1924.]

[226 Pac. 529.]

J. B. LONG, Appellant, v. GEO. W. SCHUTZ, J. S. GARVIN, A. O. BROUSSARD, FRED BLOHM, A. E. LOTT and C. OLLISON, Appellees.

1. LIMITATION OF ACTIONS—ONE CANNOT PLEAD STATUTE TO RECOVER AND AVOID IT TO ESCAPE BAR OF STATUTE OF LIMITATIONS. — Where depositor's complaint against bank directors not only referred directly to Const., art. 14, § 12, but stated no cause of action on contract or at common law, it was subject to the limitation (Civ. Code 1913, par. 709, subd. 3) applicable to liabilities created by statute, as one cannot plead the statute for the purpose of recovering and avoid it for the purpose of escaping the bar of limitations.

2. BANKS AND BANKING—COMPLAINT IN ACTION BY DEPOSITOR AGAINST INSOLVENT BANK HELD INSUFFICIENT.—In action by a depositor of an insolvent bank against individuals and directors of the bank at the time the deposit was made to enforce a liability, under Const., art. 14, § 12, complaint, not alleging bank's insolvency or defendants' knowledge thereof, *held* to state no cause of action.

APPEAL from a judgment of the Superior Court of the County of Yuma. A. C. Lockwood, Judge. Affirmed.

Messrs. Timmons & Westover, for Appellant.

Messrs. Robertson & Lindeman and Mr. R. N. Campbell, for Appellees.

LYMAN, J.—This action is by a single depositor of an insolvent bank against several individuals, directors of the bank at the time the deposit was made. The plaintiff undertakes to establish and enforce a liability under the authority of section 12, article 14, of the state Constitution, which provides that:

"Any president, director, manager, cashier, or other officer of any banking institution who shall receive, or assent to, the reception of any deposits after he shall have knowledge of the fact that such banking institution is insolvent or in failing circumstances shall be individually responsible for such deposits."

The allegations of the complaint are intended to bring the proposed cause of action within the purview of this section, alleging that the same day upon which a deposit was made the bank was insolvent, and subsequently closed, passing under the control of a receiver.

2. See 3 R. C. L. 474.
    See 7 C. J. 572 (1925 Anno.); 25 Cyc. 999 (1925 Anno.), 1052.
    26 Ariz.—28

A demurrer upon the grounds that the complaint failed to state a cause of action, and was barred by the statute of limitations affecting obligations depending upon the statute, was sustained, without specifying which if only one, ground was found sufficient. The appellant, apparently recognizing the indisputable fact that the action was commenced more than one year after the alleged liability arose, assumes that the demurrer was sustained upon that ground alone, and limits the argument in his brief to that single point. The course of his argument seems calculated to divert attention from the question at issue. Cases cited are not in point, and deal with actions based upon actual fraud and misrepresentation, and have no reference whatever to a purely statutory liability. The plaintiff, having put his finger upon the very statute, or, what is the same thing, a constitutional provision, under which he claims right to recover, cannot escape the consequences which result from that position. He cannot plead the statute for the purpose of recovering and avoid it for the purpose of escaping the bar of the statute of limitations, a thing which he has apparently attempted to do.

But, aside from the direct reference made in his complaint to the constitutional basis for his action, all of the allegations of the complaint, if not directly pertinent to such a cause of action, do at any rate fail to state a cause of action upon any other ground. Liabilities arise either upon contract or by law. It is not pretended that any relief sought here grows out of a contract. The pleading alleges no common-law liability. It must therefore be, as indeed it is, based upon the constitutional provision which the pleader points out. Civil Code of Arizona, par. 709, subd. 3; *Santa Cruz County* v. *McKnight,* 20 Ariz. 103, 177 Pac. 256; *Wells* v. *Black,* 117 Cal. 157, 59 Am. St. Rep. 162, 37 L. R. A. 619, 48 Pac. 1090; *McDonald* v.

*Thompson,* 184 U. S. 71, 46 L. Ed. 437, 22 Sup. Ct. Rep. 297 (see, also, Rose's U. S. Notes).

The appellee urges that the complaint is not only barred by the statute of limitations, but for other reasons fails to state a cause of action. Upon that point too his position seems to be well taken. The pleader alleges that upon the same day the deposit was made the bank was insolvent, but fails to state that it was insolvent at the time the deposit was made, or that the officers of the bank knew of such insolvency at the time the deposit was made. The liability of the defendants is no broader than the terms of the Constitution fixing such liability. There is no allegation of insufficiency of assets of the bank to pay depositors.

The complaint upon both grounds stated in the demurrer was obviously defective. The judgment based upon the demurrer will be sustained.

McALISTER, C. J., and ROSS, J., concur.