OLIVER JOHNSON v. G. H. ELOAN AND OTHERS.[1]

May 29, 1931.

No. 28,461.

[1]Reported in 237 N. W. 23.

W. E. *Rowe* and *O'Brien & Sylvestre,* for appellants.
*Alexander Fosmark,* for respondent.

HOLT, J.

A demurrer to the complaint was overruled, the order certifying the questions presented to be important and doubtful. The defendants, except two not served with summons, appeal.

The complaint contains three causes of action. So far as material to a decision they are alike except as to the amounts involved, and we need only state the substance of the first cause of action. It is alleged that for five years prior to March 28, 1927, two state banks existed at Fertile, Minnesota, which on that date merged under the provisions of L. 1925, p. 142, c. 156 [2 Mason, 1927, §§ 7699-5 to 7699-11] and the bank thus formed thereafter transacted a banking business under the name of the Farmers & Citizens State Bank of Fertile, until its closing for liquidation by the adoption of a resolution of its board of directors on October 29, 1928; that on August 16, 1927, plaintiff's decedent deposited $5,451 in currency, for which the bank issued its certificate of deposit, due in one year after said date at four per cent; that on October 29, 1928, and within one hour before the closing of the bank, plaintiff's decedent presented said certificate of deposit for cancelation and renewal to the cashier of the bank, who thereupon accepted the same and issued and delivered to said decedent a new certificate of deposit for $5,669.04, which represented the original certificate with accrued interest; that defendants then and there had good reason to know that said bank was unsafe and insolvent; and that when said decedent made such renewal he had no knowledge of the insolvency of the bank. There is no allegation that the bank was unsafe or

insolvent when the currency was deposited on August 16, 1927, when the bank issued therefor the first certificate of deposit. So the decision depends on whether or not the transaction in regard to the certificate was a crime, under G. S. 1923 (2 Mason, 1927) § 10407, which proximately caused loss or damage to plaintiff's decedent, Oscar S. Johnson.

The right of recovery is predicated upon defendants' violation of the duties imposed by the statute cited [§ 10407], the here pertinent provisions reading:

"Every officer, director * * * of any banking corporation * * * who shall accept or receive on deposit in such bank * * * from any person, any money, bank bills, or notes, or certificates or currency, or other notes, checks, bills, drafts, or paper circulating as money, when he knows, or has good reason to know, that such banking corporation * * * is unsafe or insolvent * * * shall be guilty of felony * * *."

A violation of a statute gives a cause of action in favor of one for whose benefit it was enacted for the loss or damage proximately resulting from such violation. So held with reference to this statute, Baxter v. Coughlin, 70 Minn. 1, 72 N. W. 797; Johnson v. Larson, 177 Minn. 60, 224 N. W. 466.

For the purposes of this decision it is assumed that a time certificate of deposit issued by a bank may become a deposit in the issuing bank within the definition of deposits in the quoted statute. But it seems to us that the facts alleged in this complaint negative that loss or damage resulted from the surrender of the old certificate and issuing the renewal thereof in whatever way the transaction is viewed. The old certificate was replaced by the new for exactly the same amount. The only difference was that the old was past due and the new was due in the future, but within the hour the latter was matured by the insolvency of the bank. And it must be obvious that during that hour no appreciable loss of or change in the assets of the bank occurred which diminished the amount recoverable in the liquidation of the bank. The complaint shows that there was less cash on hand on the day the certificate was renewed than the

face of the certificate involved in the first cause of action, and even if payment had been requested it could not then lawfully have been made. Even though the surrender of the old certificate be regarded as a deposit evidenced by the issuance of the new, it is impossible to see a resulting loss; for the value of the old was precisely that of the new—each represented the promise of the bank to pay the same amount, and that promise was the only value of either certificate. Defendants are not made guarantors of the payment of deposits by the statute referred to. They are civilly liable for its violation to the extent that the acceptance of a deposit has caused loss or damage to the depositor.

Defendants rely on Hunt v. Roosen, 87 Minn. 68, 91 N. W. 259; Village of Farmington v. Reisinger, 174 Minn. 56, 218 N. W. 444, holding that a renewal of a certificate of deposit is not payment of the debt; hence the surrender of the certificate and the acceptance of another for the amount due involves no cash transaction or payment of the original loan. Plaintiff on the other hand contends that the transaction should be viewed the same as if when the old certificate was presented the cash had been handed over the counter and thereupon plaintiff's decedent had handed back the cash and received the new certificate, and cites among other decisions Commrs. of St. Louis County v. Security Bank, 75 Minn. 174, 77 N. W. 815 (suit on a depository bond); Skarda v. State, 118 Ark. 176, 175 S. W. 1190, Ann. Cas. 1916E, 586; McCormick v. Hopkins, 287 Ill. 66, 122 N. E. 151 (suit on a depository bond); State v. Cadwell, 79 Iowa, 432, 44 N. W. 700; State v. Sattley, 131 Mo. 464, 33 S. W. 41; Southern Surety Co. v. Ruark, 97 Okl. 268, 223 P. 622 (suit on a depository bond); State v. Shove, 96 Wis. 1, 70 N. W. 312, 37 L. R. A. 142, 65 A. S. R. 17; Ellis v. State, 138 Wis. 513, 119 N. W. 1110, 20 L.R.A.(N.S.) 444, 131 A. S. R. 1022. So far as relates to actions upon depository bonds it is readily seen that sureties are guarantors that funds deposited in the bank shall be returned to the party depositing them. In the criminal cases cited the decisions turned of course upon the language of the statute. The Missouri statute specifically covered the creation of any

debt which applies to renewals of certificates of deposit. In the other criminal cases currency was partly involved in the renewal transaction, and so the bank by the deposit obtained something of added value beyond the cancelation of the old certificate which figured in the renewal.

But aside from that, a violation of a statute may be a crime, even though no cause of action for loss or damage results to another from the violation. For example, if every depositor in this bank should be paid in full so that there could be no cause of a civil suit against any director or officer, still the bank might have been unsafe and insolvent before it closed so that the directors and officers would have been criminally liable for receiving deposits while in that condition. That no loss occurred to depositors might result from collections on stockholders' double liability or from unexpected fortunate realizations out of its assets. In our opinion the complaint shows on its face that no damage or loss proximately resulted to plaintiff's decedent from the renewal of the certificate of deposit within the hour before the bank closed.

The order is reversed.

