PAUL OLESEN v. F. H. RETZLAFF AND OTHERS.[1]

No. 28,340.

September 18, 1931.

[1]Reported in 238 N. W. 12, 239 N. W. 672.

*Somsen, Dempsey & Flor,* for appellants.

*Jesse A. Schunk* and *George C. Stiles,* for respondent.

DIBELL, J.

Action against the defendants, who were directors of the State Bank of Lamberton. There are six causes of action. The first five are to recover money deposited by the plaintiff in the bank at various times when, so it is alleged, the bank was unsafe and insolvent as the defendants knew or had good reason to know. The sixth is a common count for money had and received. There was an original and an amended complaint. The defendants demurred to the amended complaint. The demurrer was overruled, and the defendants appeal.

■ The action was commenced March 7, 1930. The bank closed March 11, 1924, and was taken in charge by the commissioner of banks for liquidation. The amended complaint was served April 10, 1930. The time elapsing between the closing of the bank and the commencement of the action was four days less than six years; between the closing of the bank and the amended complaint was six years and 30 days. The deposits were made at various times from June 1, 1923, to March 7, 1924. Most of them were made after January 1, 1924. The last one was made on March 7, 1924.

The question is on the bar of the statute of limitations; and that question involves the nature of the causes of action pleaded.

The parties emphasize March 7, 1930, when the action was commenced, March 11, 1924, when the bank closed, and April 10, 1930, when the complaint was amended. The cause of action accrued on the various dates when the deposits were made from June 1, 1923, to March 7, 1924. See Swan v. Burnham, 70 N. H. 580, 49 A. 93; Bassett v. St. Albans Hotel Co. 47 Vt. 313; Long v. Schutz, 26 Ariz. 432, 226 P. 529; Thomas v. Richter, 88 Wash. 451, 153 P. 333; Wells v. Black, 117 Cal. 157, 48 P. 1090, 37 L. R. A. 619, 59 A. S. R. 162; Willius v. Albrecht, 100 Minn. 436, 111 N. W. 387, 112 N. W. 862. Only one, the fifth, accrued as late as March 7, 1924, and within the period of the six-year statute. This date is of controlling importance only as to the fifth cause.

The first five causes of action alleged in the original complaint, and realleged in the amended complaint with additions, are based

upon G. S. 1923 (2 Mason, 1927) § 10407, which makes it an offense in directors to receive deposits in an unsafe or insolvent bank, knowing or having good reason to know its condition. The statute does not assume to impose civil liability upon the directors nor to give the depositors a cause of action against them. The liability arises from the application of the general principle that when a statute is enacted for the protection of a class one of the class who suffers damage from its violation may recover of the violator. We applied the doctrine when this statute was involved in Baxter v. Coughlin, 70 Minn. 1, 72 N. W. 797; Johnson v. Larson, 177 Minn. 60, 224 N. W. 466; and Johnson v. Floan, 183 Minn. 461, 237 N. W. 23.

■ The statute of limitations, upon which the plaintiff relies, is G. S. 1923 (2 Mason, 1927) § 9191(6) which dates the accrual of actions for relief on the ground of fraud from the time of the discovery of the facts constituting the fraud:

"The following actions shall be commenced within six years: * * *

"6. For relief on the ground of fraud, in which case the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud."

The plaintiff claims that his cause of action under § 10407 is for relief on the ground of fraud within § 9191(6). If not so, the limitation is six years within the general six-year provision of that statute. He alleges that he did not discover the fraud until within six years prior to the institution of the action; and therefore he claims that the lapse of time is not a bar.

To make a cause of action it was not necessary to allege actual fraud or fraud which conceivably might be actionable at common law. It was necessary to allege and prove the facts made essential by the statute and damages resulting. Johnson v. Floan, 183 Minn. 461, 237 N. W. 23, and cases cited. Usually we have referred to liability as resting upon the statute and nothing more. A violation of it followed by damages justifies a recovery. Occasionally when making an unnecessary explanation, or unnecessarily suggesting the basis of the statute, we have referred the general ground

of liability to fraud or to a fraudulent representation. In some of the cases we find negligence or the violation of a trust relationship used by way of explanation. A violation of the statute gives the right of action. Nothing more is necessary if damage accrues. It may be said that the purpose of the statute is to make directors in fact direct the bank and to penalize them when they do not; and thus to protect a depositor. Simple disobedience to the statute brings liability without the existence of other wrongdoing. The same rule applies to the violation of a statute when the right enforced is suggestive of negligence or a tort of the defendant. Thus in Dohm v. R. N. Cardozo & Brother, 165 Minn. 193, 196, 206 N. W. 377, 378, the court said:

"We must not lose sight of the fact that in certain cases the violation of an imposed statutory duty results in liability irrespective of such conduct as would constitute negligence in the absence of a statute. * * * Liability in such cases rests upon the fact that one for whose protection the law was enacted is injured as the result of its violation. Some of the decisions refer to this liability as negligence per se. Upon any theory it is recognized as a delinquency."

The court in this case cites Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275; Farrell v. G. O. Miller Co. 147 Minn. 52, 179 N. W. 566; and Frederick v. McRae, 157 Minn. 366, 196 N. W. 270. They illustrate the principle.

Section 10407 imposes a harsh liability upon bank directors. There is no such action as this at common law. A banker, if the statute is understood as it reads, must determine, when deposits are offered at his counter, between the last one which he may take and the first one which he must refuse. Courts enforce the statute as it is written; but there is no policy which suggests that the statute of limitations, § 9191(6), be construed unnecessarily in favor of a depositor so as to permit an action to be brought as an action for relief on the ground of fraud, when there is no actual fraud, but only an offended state policy; and the ample term of six years be extended to the end of six years beyond discovery. See 37 C. J. p.

792, § 133; Id. p. 937, § 306, et seq. We hold that an action which is based alone on § 10407 is not an action to recover on the ground of fraud within § 9191(6).

■ The plaintiff's complaint goes further than an action under § 10407. He claims, as to the first five causes of action, that there was actual fraud in the defendants in falsely and with intent to deceive representing that the bank was solvent and had sufficient assets to pay its debts. That there may be actual and actionable fraud justifying a recovery, apart from the statute, and within the meaning of § 9191(6), is without much doubt. Hinson v. Drummond, 98 Fla. 502, 123 So. 913; Blumer v. Ulmer (Miss.) 44 So. 161; Tate v. Bates, 118 N. C. 287, 24 S. E. 482, 54 A. S. R. 719; Solomon v. Bates, 118 N. C. 311, 24 S. E. 478, 54 A. S. R. 725; Minton v. Stahlman, 96 Tenn. 98, 34 S. W. 222. Cases involving the point are noted in 3 L.R.A.(N.S.) 438; 3 R. C. L. p. 469, §§ 99-103; Am. Dig. Banks & Banking, § 82(5).

The language of the amended complaint is as follows:

"7. That at all times between the 31st day of May, 1923, and the 11th day of March, 1924, the defendants represented to the public and to this plaintiff that the said State Bank of Lamberton was a solvent institution and had sufficient assets with which to pay its creditors; that the defendants made these representations, knowing them to be false and having good reasons to know them to be false and with intent to deceive this plaintiff and others; that plaintiff relied upon the representations so made by the defendants and believing said representations to be true, was thereby induced to make the aforesaid deposit * * *. in the said State Bank of Lamberton.

"8. That plaintiff did not discover the fraud practiced upon him as hereinbefore alleged until within six years before the commencement of this action, and believed and relied upon the representations made by the defendants as aforesaid to and including the date of the closing of the aforesaid bank."

We take these allegations at their face. They go further than charging a violation of § 10407. The trial court expressed its view as follows:

"Here the complaint charges knowledge of insolvency and receiving of deposits in an insolvent bank. It in effect charges a deliberate secret and intentional injury to plaintiff in his property rights. * * * Where there is an intent to deprive one of his money or property, the act is fraud, and such in effect are the allegations of the complaint, and for the purpose of this demurrer we · must take the allegations of the complaint as true."

The amended complaint as to the first five causes of action charges ·as the basis of the action actual fraud the facts of which were not discovered until within six years prior to the commencement of the action. The burden of proving that the fraud was not discovered until within the six years is upon the plaintiff. Modern L. Ins. Co. v. Todd, 184 Minn. 36, 237 N. W. 686; Morrill v. Little Falls Mfg. Co. 53 Minn. 371, 55 N. W. 547, 21 L. R. A. 174; Whitcomb v. Wright, 176 Minn. 274, 223 N. W. 294; 4 Dunnell, Minn. Dig. (2 ed. & Supp.) § 5652. The plaintiff alleges that he had no knowledge, information, or belief at any time prior to March 11, 1924, that the bank was unsafe or insolvent or unable to pay its creditors. The defendants claim that this allegation in effect charges him with the knowledge of the cause of action on that day. This is hardly so. Something more was necessary. That the bank was insolvent or unsafe was important. That plaintiff knew of it on that day would not start the running of the statute under § 9191(6). The facts constituting a cause of action required more, that is, knowledge or good reason to know on the part of the defendants. The allegations of the complaint are sufficient as against a demurrer invoking the bar of the statute of limitations for actual fraud beyond the delinquency involved in § 10407. But the plaintiff should definitely understand that to avoid the bar of the statute he must prove more than a violation of § 10407. He is by in his pleading but the proof is ahead. The test of the character of the fraud essential to be proved is as exacting as that stated by the trial judge in his language which we have quoted.

■ The fifth cause of action alleges the deposit of a number of small items between December 20, 1923, and March 7, 1924, the

last one for $33. Actual fraud is alleged. The cause of action is good under § 10407 without such allegation. The last item was deposited on March 7, 1924. Following the rule of excluding the first and including the last date, this cause of action is not barred by the six-year statute. Bank of Dassel v. March, 183 Minn. 127, 235 N. W. 914, and cases cited.

■ The sixth cause of action is a count for money had and received in the sum of $2,654.63 between May 31, 1923, and March 8, 1924, for the use of plaintiff, with an allegation of demand of payment and of nonpayment. It is good as a common count. 4 Dunnell, Minn. Dig. (2 ed.) § 6135, and cases cited. The amount claimed is the total claimed in the first five causes of action. Upon the facts stated in these five causes of action, there cannot be a recovery on the common count; that is, proof of the facts in the first five causes of action does not constitute proof under the common count for money had and received. This is entirely plain. There is no right of recovery on contract upon the facts stated in the first five causes of action. The recovery is because of a violation of the statute. There is no contract at all except as the deposits involved are the results of contracts. These contracts are not in suit. They were with the bank. They were not with the directors. Recovery is not sought upon them. There is no waiver of tort or suit in assumpsit. The directors received nothing. There was no money had and received to which the count is applicable. There is no basis upon any theory for a suit in quasi contract. But there is a cause of action stated. If the action should be tried, and the facts stated in the first to fifth causes of action be proved, and there be no other facts to meet the complaint in the sixth cause of action, there can be no recovery upon it. In that event it will be as useless to the plaintiff as it is harmless to the defendants. In short, if the sixth cause of action depends upon the facts alleged in the prior five it will fail of proof. In the meantime a cause of action is stated.

■ One ground of the demurrer is misjoinder of causes of action. If there is a joinder of a disconnected tort and contract action,

there is a misjoinder of actions within Gertler v. Linscott, 26 Minn. 82, 1 N. W. 579; Humphrey v. Merriam, 37 Minn. 502, 35 N. W. 365; Reed v. Bernstein, 103 Minn. 66, 114 N. W. 261. The point is not urged or argued in the briefs. Under these circumstances it is not considered.

Order affirmed.

LORING, J. (concurring).

I concur in the result.

### AFTER REARGUMENT.

On December 18, 1931, the following opinion was filed:

DIBELL, J.

The defendants' motion for a reargument was granted and was submitted on briefs. The only question is whether an action under G. S. 1923 (2 Mason, 1927) § 10407, is barred by the three-year statute of limitations fixed by G. S. 1923 (2 Mason, 1927) § 9192(2) as follows:

"The following actions shall be commenced within three years:

\* \* \* \* \*

"2. Upon a statute for a penalty or forfeiture to the party aggrieved."

The nature of the action under § 10407 is discussed in paragraph one of the opinion. The statute does not assume to give a cause of action. It defines a crime. The creditors do not recover a penalty. They recover damages for loss sustained. The officers pay damages—not a penalty. A cause of action has come about by the construction of courts because of the violation of a criminal statute. There was no such action at common law; that is, there was no such liability. If there had been a liability there would have been a common law remedy. If there is liability now because of a violation of the statute there is a common law remedy without specific creation. In various actions involving this or similar statutes we find expressions used in connection with the particular facts before the court to the effect that the imposition of liability

is by way of penalty though the statute gave none. Such expressions may have been helpful in the particular case then considered. They were not used with reference to the statute of limitations in a case like the one before us. That the recovery is painful to the one who has incurred liability by a violation of the statute does not make the statute penal within the limitation act. The statute defines a crime for which punishment is provided. The civil action, raised by the courts, brings neither punishment nor penalty.

We have no trouble in reaching the conclusion that under our decisions § 9192(2) is without application. Reference is made in the briefs to Merchants Nat. Bank v. N. W. Mfg. & Car Co. 48 Minn. 349, 51 N. W. 117. This case was an action against the directors under G. S. 1878, c. 34, § 142, providing as follows:

"If any corporation organized and established under the authority of this act shall violate any of its provisions, and shall thereby become insolvent, the directors ordering or assenting to such violation shall be jointly and severally liable, in an action founded on this statute, for all debts contracted after such violation as aforesaid."

This statute created a direct liability. Actions upon it were held to be "upon a statute for a penalty or forfeiture, where the action is given to the party aggrieved. * * *" G. S. 1878, c. 66, title 2, § 7.

In Flowers v. Bartlett, 66 Minn. 213, 68 N. W. 976, an action brought by creditors under G. S. 1894, § 2600(3) making the property of stockholders liable for corporate debts when as officers or directors they have been "guilty of fraud, unfaithfulness, or dishonesty in the discharge of their official duties," it was held that such an action was not an action for the recovery of a penalty or forfeiture within the meaning of G. S. 1894, § 5184, providing that such a cause of action should be tried in the county where the cause of action arose. The case of Merchants Nat. Bank v. N. W. Mfg. & Car Co. 48 Minn. 361, 51 N. W. 119, was overruled. The court said [66 Minn. 216]:

"It was held in Merchants' Nat. Bank v. Northwestern Mnfg. & C. Co. 48 Minn. 349, 51 N. W. 117, that such an action is an action to recover a penalty, and, under the second subdivision of section 5137, the statute of limitations runs upon the cause of action in three years. That case was necessarily overruled by the opinion in National New Haven Bank v. Northwestern Guaranty Loan Co. 61 Minn. 375, 63 N. W. 1079. See pages 386, 387, 61 Minn., and page 1082, 63 N. W. Our attention was not called to the former case on the argument of the latter case, and the writer, who wrote the opinion in the latter case, was not then aware of the former case; but some of our justices say they had it in mind when deciding the latter case. We are still of the opinion that the liability provided for by the third subdivision of section 2600 is not in any proper sense a penalty."

We might proceed to an indefinite length and add numberless cases bearing upon the origin of actions under § 10407 and other statutes which bring damages, not penalties, to those suffering from their violation. The parties desire the question settled. We have examined their briefs. And it is now definitely held that the three-year limitation prescribed by G. S. 1923 (2 Mason, 1927) § 9192(2) does not apply to an action founded upon G. S. 1923 (2 Mason, 1927) § 10407.

Order affirmed.