L. A. KERTSON v. GREAT NORTHERN EXPRESS COMPANY.

May 25, 1898.

Nos. 11,053—(71).

Replevin—New Trial—Insufficient Evidence—Hicks v. Stone, 13 Minn. 398 (434), Followed.

> An order granting a new trial on the ground that the decision is not sustained by the evidence affirmed, under the rule of Hicks v. Stone, 13 Minn. 398 (434).

Decision—Memorandum of Judge.

> A memorandum filed by a trial judge is no part of his decision.

Appeal by plaintiff from an order of the district court for Clay county, Baxter, J., granting a motion for a new trial. Affirmed.

*W. B. Douglas*, for appellant.

*Wm. R. Begg*, for respondent.

MITCHELL, J.

Action in replevin. The property, a coat, was shipped by plaintiff's sister-in-law, at Belvidere, Illinois, over defendant's express line, consigned to him at Moorhead, Minnesota, "C. O. D. $50." When the coat reached its destination, the plaintiff tendered defendant's charges for transportation, and demanded the property, which the defendant refused to deliver unless he would also pay the $50. This plaintiff refused to pay, and then brought this action.

It appeared on the trial that plaintiff was the general owner of the coat, but that his sister-in-law, the consignor, claimed a lien upon it for the payment of $50, which she claimed he owed her on a board bill. Plaintiff claimed that he had paid her in full, and consequently owed her nothing; and practically the only question litigated, or upon which evidence was produced, on the trial, was whether there was anything due her from plaintiff for board. The

evidence on this question was conflicting, and would have justified a finding either way.

It appeared from the evidence that in July, 1896, plaintiff had sent his brother a check for $75 on account of board, in response to which the brother's wife wrote him, calling his attention to the fact that the check was for only $75, whereas it ought to have been for $125, but adding that, in consideration of certain facts, she would call the balance due $25, for which amount she requested him to send a check at once, or they would be compelled to keep the coat. The plaintiff, however, testified that he received a subsequent letter from her in which she claimed $50 to be due her. He never made any further remittance, but on September 16, 1896, wrote his brother to have his wife return the coat; adding, "She can send it C. O. D. by express for the balance I owe her." It appears to have been in compliance with this request that she sent him the coat.

The court found in favor of the plaintiff, but subsequently granted a new trial on motion of the defendant, made on the ground that the decision was not sustained by the evidence. Upon this state of the evidence, the order granting a new trial must be affirmed, under the familiar rule of Hicks v. Stone, 13 Minn. 398 (434).

Aside from the dispute as to whether plaintiff actually owed his sister-in-law anything (which seems to have been the sole issue on the trial) the evidence tended to prove that plaintiff knew that his sister-in-law claimed that the balance due her was $50, and that, without any objection to this amount, he requested her to send him the coat C. O. D. for the balance he owed her, and that in compliance with this request she shipped the coat. If this state of facts existed, we are of the opinion that he is estopped by his conduct from claiming the possession of the property from the express company, except upon compliance with the terms and conditions upon which he requested it to be shipped within the jurisdiction of the state.

Another point may be alluded to in this connection, although not directly made by counsel. We think the evidence tends to show that, when plaintiff requested the coat to be shipped C. O. D., he

never intended to pay the consignor's claim, but that he made the request merely for the purpose of getting her to send the property into the state, so that he could replevy it. If so, his conduct amounted to a fraud upon her, as well as upon the jurisdiction of the court, as much as if he had by some fraudulent pretense decoyed her into the state for the purpose of securing personal service of legal process upon her. Columbia Placer Co. v. Bucyrus S. S. & D. Co., 60 Minn. 142, 62 N. W. 115. Such a fraud, if found to exist, would be good ground for vacating the replevin proceedings and dismissing the action. Whether this must be done on motion or by special plea in abatement, or whether the point can be raised when the fact appears from the evidence on a trial on the merits, it is not necessary to consider at this time. But upon the whole evidence the order appealed from must be affirmed, under the rule already referred to..

We are referred to the memorandum filed by the trial judge, which indicates that the sole ground upon which he granted a new trial was that the defendant, as a common carrier, could not dispute the consignor's title; also, that the rightful owner cannot reclaim from a common carrier property delivered to it by a wrongful holder. If the court meant this, he was. clearly in error as to the law; but the memorandum is no part of the decision or of the record, upon which alone the case must be considered and determined.

Order affirmed.