# DRAGON MOTOR CAR COMPANY, LTD. v. JAMES J. STORROW AND OTHERS.[1]

November 6, 1925.

No. 24,880.

**Court acquired no jurisdiction over nonresidents by service of service summons on public examiner.**

Construing chapter 429, L. 1917, and the appointment thereunder, by nonresident dealers in securities, of the public examiner as their agent to receive service of process, it is *held* that the district court did not acquire jurisdiction over the defendants by delivery of the summons to the public examiner, where the cause of action arose in a foreign country and bore no relation to the subject matter of chapter 429.

See Process, 32 Cyc. p. 466.

Action in the district court for Ramsey county to recover for money had and received. Plaintiff appealed from an order, Bechhoefer, J., setting aside the attempted service of summons on defendants. Affirmed.

*M. H. Boutelle, A. H. David, Charles S. Lobingier* and *Robert P. Stewart,* for appellant.

*Doherty, Rumble, Bunn & Butler* and *Larkin, Rathbone & Perry,* for respondents.

LEES, C.

This is an appeal from an order vacating the service of the summons upon the individual defendants by the delivery of copies thereof to the public examiner.

The plaintiff is a corporation organized under the laws of the British Crown Colony of Hong Kong. The individual defendants are members of the copartnership known as Lee, Higginson & Company.

[1]Reported in 205 N. W. 694.

The complaint alleges that in May, 1924, the defendants were indebted to plaintiff's assignor in the sum of $100,000, and that thereafter and prior to the commencement of this action the debt was assigned to plaintiff.

Long prior to the service of the summons the individual defendants had separately executed and filed with the State Securities Commission an instrument containing the following language:

"I, ............., do hereby appoint the Public Examiner of the State of Minnesota as my agent in said State of Minnesota upon whom process or pleadings may be served for and on my behalf within the meaning of Chapter 429 of General Laws of said State of Minnesota for 1917. Such appointment shall be deemed to be and is irrevocable."

The pertinent portion of chapter 429, popularly known as the Blue Sky Law, provides that, when application is made by a nonresident investment company or dealer, or a foreign corporation, for a license to sell securities within this state, an appointment of the public examiner as the agent of the applicant to accept service of process and pleadings in actions commenced in Minnesota must be filed with the securities commission.

The inquiry is whether the appointment is to be construed to limit the right to serve process upon the examiner to cases which arise under the Blue Sky Law to the exclusion of all others. The question is a new one and is not free from doubt.

The powers were executed by defendants to comply with the statute, hence its provisions are to be considered in construing them. Bohn v. McCarthy, 29 Minn. 23, 11 N. W. 127; County of Blue Earth v. Nat. Surety Co. 164 Minn. 390, 205 N. W. 277.

The purpose of the statute, as defined in the title, is to prevent fraud in the sale and disposition of stocks, bonds and other securities sold or offered for sale *within* the state of Minnesota. To accomplish that purpose, a commission is created to administer and enforce the provisions of the act. The provision for the appointment of the public examiner as the agent upon whom process may

be served is found in section 4. It will be observed that neither in that section nor in the powers filed is there an express provision that service may be made upon the public examiner in any action against the nonresident dealer regardless of the nature of the action, or of where or how the cause of action arose.

We find nothing in the language of the statute which clearly evinces a legislative intention to give the courts of this state jurisdiction in such a case as this. The defendants are not sued for anything they did or failed to do as dealers in securities. They are sued upon a cause of action arising from a transaction had with the Chinese General Chang and with the late Dr. Sun Yet Sen when he was at the head of the Canton government, in the course of which plaintiff's assignor sold to these Chinese officials a large quantity of valuable machinery. Plainly such a transaction is not within the apparent purview of the Blue Sky Law. In enacting such a law, the legislature may exact from nonresident dealers in securities, as a condition of their admission to do business in this state, an unqualified consent to submit to the jurisdiction of the courts of this state when sued upon any cause of action of a transitory nature. If a dealer, in the face of such a statute, sees fit to come into the state and appoint an agent to receive service of process, he will be deemed to have consented to the jurisdiction of our courts over his person. But the law the legislature did enact is aimed at the evils attending unlicensed and unsupervised sales of stocks and bonds of doubtful value by irresponsible persons or persons beyond the reach of the process of our courts, and does not seem to have been designed to give our courts jurisdiction over transitory actions of every kind and nature.

When residents of other states seek to do business in this state, either as individuals or as partners, the state has no power arbitrarily to exclude them. To do so would violate the provision of the Federal Constitution which gives to the citizens of each state all the privileges and immunities of citizens in the several states. But the state may impose reasonable conditions upon the exercise of a nonresident's right to do business within its boundaries. That

was decided in Kane v. New Jersey, 242 U. S. 160, 37 Sup. Ct. 30, 61 L. ed. 222, sustaining a statute of New Jersey requiring a non-resident owner of an automobile, as a condition precedent to his right to operate his car on the highways of the state, to appoint the secretary of state as his agent upon whom process might be served "in any action or legal proceeding caused by the operation of his registered motor vehicle, within this state, against such owner." Legislation of this nature is sustained upon the theory that it is an exercise of the police power of the state and that, when a nonresident voluntarily appoints an agent upon whom service may be made and neither the law nor the appointment limits the agent's authority to accept service, he may be served in any case of a transitory nature in which the court has jurisdiction of the subject matter.

Pennsylvania Fire Ins. Co. v. Gold Issue Mining Co. 243 U. S. 93, 37 Sup. Ct. 344, 61 L. ed. 610; Smolik v. P. & R. Coal & I. Co. (D. C.) 222 F. 148, and Bagdon v. P. & R. C. & I. Co. 217 N. Y. 432, 111 N. E. 1075, L R. A. 1916F, 407, Ann. Cas. 1918A, 389, cited by plaintiff, dealt with appointments of agents of foreign corporations and held that service of process on the agent was the equivalent of personal service within the state upon the corporation itself.

Plaintiff's counsel suggest that there is no substantial difference between our Blue Sky Law and our Foreign Corporation Law insofar as each provides for the designation of an agent residing in this state upon whom process may be served. The last mentioned law was considered in Rishmiller v. D. & R. G. R. Co. 134 Minn. 261, 159 N. W. 272, where it was held that jurisdiction over a foreign corporation may be acquired by service on the agent and that such jurisdiction extends to all transitory actions, no matter where the cause of action arose.

Foreign corporations doing business in this state are required to appoint an agent to accept service of process in *any* action to which the corporation is a party. G. S. 1923, § 7493. Foreign insurance companies doing business in the state are required to appoint the insurance commissioner as their attorney in fact and to

agree that process in *any* action against the company may be served upon the commissioner with the same force and effect as if personally served upon the company. Sections 3711, 3713, G. S. 1923.

Section 9520, G. S. 1923, provides for the appointment by a nonresident, owning or claiming an interest or lien in or upon lands in this state, of a resident agent to accept service of process "in any action or proceeding in the courts of the state concerning such interest or lien." This section expressly limits the jurisdiction conferred by service on the agent. Unlike the other sections cited, it does not embrace *any* action which may be brought against the nonresident.

We refer to these statutes merely for the purpose of illustration. They show that the legislature has seen fit to require nonresidents to confer broad powers upon the agent appointed under certain statutes, and limited powers under other statutes.

The language of chapter 429, § 4, is not so broad as that of sections 3711, 3713 or 7493, G. S. 1923; nor is it so restrictive as that of G. S. 1923, § 9520. But when we consider the scope and purpose of chapter 429, we may reasonably conclude that the agent whose appointment is required thereby is one whose authority is not general, but limited to the acceptance of service of process in cases which arise under or are referable to some provision of the act.

Hall v. Geiger-Jones Co. 242 U. S. 539, 37 Sup. Ct. 217, 61 L. ed. 480, L. R. A. 1917F, 514, Ann. Cas. 1917C, 643, sustaining the Blue Sky Law of Ohio, which, like our own, contains a provision for the appointment of a resident agent to accept service of process, throws no light upon the question to be determined, for the effect of that particular provision was neither considered nor discussed.

Neither Old Wayne Mut. Life Assn. v. McDonough, 204 U. S. 8, 27 Sup. Ct. 236, 51 L. ed. 345, nor Simon v. Southern Ry. Co. 236 U. S. 115, 35 Sup. Ct. 255, 59 L. ed. 492, cited by defendants' counsel, are particularly helpful in guiding us to a correct conclusion.

To determine the question with which we are confronted, we must go to chapter 429 and the powers of attorney executed by defendants pursuant thereto. We are of the opinion that a fair con-

struction of the act and the powers executed pursuant thereto is one which limits the right to acquire jurisdiction of the person of a nonresident dealer in securities by service of process on the public examiner to cases involving the sale or attempted sale of securities.

The conclusion we have reached is the same as that of the learned trial judge, whose order is therefore affirmed.