# ELWYN A. ANDERSON v. CHASE SECURITIES CORPORATION.[1]

February 8, 1935.

No. 30,202.

*Stinchfield, Mackall, Crounse, McNally & Moore* and *John M. Palmer,* for appellant.

*Leonard, Street & Deinard* and *Hyman Edelman,* for respondent.

LORING, JUSTICE.

In an action for damages for fraud in the sale of a gold debenture of the General Theatres Equipment, Inc., the defendant, appearing specially, moved to set aside the service of the summons ,and complaint which had been made upon the secretary of state under the provisions of 2 Mason Minn. St. 1927, § 7494. Defendant has appealed from the order denying its motion.

At the time this transaction arose the defendant and 11 of its salesmen were operating under brokers' licenses, issued by the

[1] Reported in 258 N. W. 743.

securities division of the department of commerce. The defendant, a New York corporation, at that time had not complied with the requirements of 2 Mason Minn. St. 1927, § 7494. It maintained an office in the city of Minneapolis from which it solicited the purchase of securities for which it took orders. These orders were sent to the Chicago office for approval and upon remittance by the purchaser to that office such securities were mailed directly to the purchaser. In some cases purchases of securities were made subject to the approval of the Chicago office. It was while the defendant was so conducting its business that the plaintiff made the purchase complained of. Approximately a month after this transaction was closed the defendant was licensed as a foreign corporation to engage in business in this state under § 7493-7494. This license was issued the fifth day of June, 1930, and June 30, 1931, defendant withdrew from Minnesota by complying with the provisions of § 7494 relative to withdrawals. By so doing it irrevocably appointed the secretary of state and his successors its agent to receive service of legal process and other notices in any action or proceeding "arising out of or involving anything done or omitted by said foreign corporation in this state while licensed to do business here."

It is conceded by respondent that defendant had complied with 1 Mason Minn. St. 1927, § 3996-11, which provides that a nonresident person or corporation which seeks a broker's license to deal in securities in this state shall irrevocably appoint the chairman of the securities commission (now succeeded by the commissioner of securities) as its agent to receive service of process in any action arising out of any transaction covered by the securities act. The defendant thereby voluntarily subjected itself to the jurisdiction of the courts of this state in so far as its brokerage transactions were concerned. The securities act is a valid exercise of the police power of the state; State v. Swenson, 172 Minn. 277, 215 N. W. 177, 54 A. L. R. 490; State v. Nordstrom, 169 Minn. 214, 210 N. W. 1001, and therefore the state might attach reasonable conditions to the issuance of a brokerage license thereunder, whether the applicant be a corporation or an individual and whether or not

the brokerage activities amounted to the transaction of business to such an extent as to subject a foreign corporation to state juris· diction were no such license required. If the plaintiff had a cause of action arising out of the brokerage activities of the defendant in this state he could serve process on the commissioner of securities, who by the terms of 1 Mason Minn. St. 1927, § 53-28, *et seq.* has succeeded the chairman of the securities commission. It becomes immaterial whether the defendant was doing business in the state within the meaning of the foreign corporations act without having complied therewith, because the plaintiff was in no way prejudiced by defendant's failure to comply with that act. Therefore no estoppel can be invoked justifying the service upon the secretary of state. The defendant is not in a position where it cannot assert that it is not within the terms of the service authorized by the foreign corporation act.

We do not regard the license provided for in 2 Mason Minn. St. 1927, § 7494, as referring to the license granted by the securities commission under § 3996-11. Section 7494 provides for the issuance of a license by the secretary of state upon compliance by the foreign corporation with the provisions of that section in regard to filing articles of incorporation and the payment of the fee. It relates to the general business of the corporation. Section 7494 refers to the license so granted when it provides for a withdrawal from the state by a foreign corporation. This withdrawal authorizes service of process thereafter on the secretary of state in connection with causes of action arising while the corporation was licensed to do business here. This section in its original form was enacted years before the enactment of the securities commission law. We think § 7494 has no reference to the limited license provided for by §§ 3996-9, 3996-11, which make adequate provision for the protection of the public by providing for service upon the commissioner of securities. Under §§ 3996-9, 3996-11 a license might be required for brokerage activities which would not amount to the transaction of business under §§ 7493-7494 or require compliance therewith.

Inasmuch as service was made upon the secretary of state under § 7494 upon a cause of action arising prior to the defendant's being licensed under that section, it is not authorized by the statute and it must be set aside. The defendant in this case and under the circumstances here shown is not estopped from showing that the cause of action arose prior to its being licensed under § 7494.

The cause of action stated in the complaint appears to be one sounding in tort for damages due to representations arising out of a transaction in connection with the brokerage operations of the defendant while it was licensed under §§ 3996-9, 3996-11. The question whether the contract or purchase was consummated here or in Illinois is immaterial to any question presented on this appeal.

The order denying the defendant's motion to set aside the service of the summons upon the secretary of state is reversed.