ANNA KAISER v. DAVID D. BUTCHART AND OTHERS.
W. E. RAY v. SAME.
JOHN F. HARRIS AND OTHERS, APPELLANTS.[1]

March 20, 1936.

Nos. 30,782, 30,783.

[1]Reported in 265 N. W. 826.

*Bowen, Best, Flanagan & Rogers,* for appellants.

*I. K. Lewis,* for respondents.

HOLT, JUSTICE.

The appellants, copartners, appeal from an order in each of the two cases denying their motion to set aside the service of summons upon them on the ground that the pretended service did not give the court jurisdiction of appellants. It appears that appellants are nonresident copartners and hold license from this state to do business herein as brokers, maintaining offices for that purpose in St. Paul, Minneapolis, and Duluth. When the transactions involved in the complaint took place appellants held a license as brokers under the provisions of L. 1925, c. 192, as amended (1 Mason Minn. St. 1927, § 3996-9, as amended by L. 1927, c. 66, and by L. 1933, c. 408, 3 Mason Minn. St. 1934 Supp. § 3996-9), and each had filed appointment of attorney with the commissioner of securities of this state appointing him their attorney upon whom any process authorized by the laws of this state might be served in any action or proceeding concerning any transaction covered by L. 1925, c. 192, § 11, as amended (§ 3996-11 of the Code), as therein provided. Appellants showed that their brokerage business in this state was confined to securities listed on the New York Stock Exchange. The service of the summons herein was made April 23, 1935, upon S. Paul Skahen, then commissioner of securities of the state of Minnesota. The appellants served their answer and later gave notice of motion to strike the complaint or make it more definite and certain. There-

30

after, under a stipulation between plaintiff and appellants, an amended complaint was served. No question is raised on this appeal that the amended complaint is defective or fails to state a cause of action against appellants. Of course the original complaint is out of the case. To an understanding of the legal question presented by the appeal a mere outline of the cause of action stated in the amended complaint is enough. It is alleged that plaintiff, during the time involved, was a resident of St. Louis county; that defendants David D. Butchart and three others named held themselves out as associates engaged as brokers in buying and selling securities on a commission basis; that appellants were nonresident copartners doing business as brokers in securities in this state under the firm name of Harris, Upham & Company; that certain nonresident defendants, partners under the name of Thomson & McKinnon, also were in like business in this state; that the Butchart firm was not a member of the New York Stock Exchange, but appellants and defendants Thomson & McKinnon were; that the Butchart firm transacted its business through appellants, by placing with appellants orders to buy and sell securities and obtaining from them market quotations, appellants receiving commissions therefor; that the Butchart firm failed to execute many orders given by plaintiff to that firm, but such orders were "bucketed" with the knowledge and assistance of appellants and the Thomson & McKinnon firm; that the Butchart firm acted as agent for appellants and was authorized so to do and was held out to the public as having authority to act as such agent by appellants; that since 1930 appellants had been associated with the Butchart firm, and sponsored a wire and ticker to the firm and furnished the firm with market quotations of securities and literature respecting the same, which displayed in conspicuous type appellants' partnership name and invited the public to use the service and facilities of appellants, who were members of the New York Stock Exchange; that plaintiff and the public generally, because of the conduct and action of appellants, believed that they and the Butchart firm were associated together in the brokerage business, and plaintiff relied thereon; that plaintiff in June, 1933, delivered certain shares of stock to the Butchart firm to sell and

apply the proceeds to the purchase of other securities for plaintiff's account; that the Butchart firm delivered the same to appellants to sell, but the latter applied the proceeds of the sale upon the account due them from Butchart; that the latter, and his firm, are insolvent; that on the several transactions alleged in the complaint plaintiff has been damaged in the sum of $1,000, for which judgment is asked. There are various allegations going to show the connection of the Butchart firm with appellants and with the partnership of Thomson & McKinnon, and that the Butchart firm was held out by these partnerships as their agent in the brokerage business, carried on at their Duluth offices. It is thus seen that plaintiff seeks to recover for losses sustained in dealings in securities with the Butchart brokerage firm as agents for appellants.

The so-called blue sky law, L. 1925, c. 192, as amended by L. 1927, c. 66, and L. 1933, c. 408 (§§ 3996-1 to 3996-35, inclusive, 1 Mason Minn. St. 1927 and 1934 Supplement thereof) requires brokers dealing in bonds, stocks, and securities in this state to obtain a license to engage in that business. Section 3996-9 so provides. And § 3996-11 ordains that "every nonresident person shall, before having any securities registered or being licensed as a broker," appoint the commissioner of securities "his attorney, upon whom process may be served in any action or proceeding against such person or in which such person may be a party, in relation to or involving any transaction covered by this act, which appointment shall be irrevocable." The transactions of which plaintiff complains took place when appellants held a license under § 3996-9; and when the summons was served on appellants, as prescribed in § 3996-11, they had on file with the commissioner of securities their appointment of him as their attorney pursuant to said section. Unquestionably the business of dealing as brokers in stocks, bonds, and securities is of such a character that, for the protection of the public, the state may properly license and reasonably supervise and regulate the same. State v. Nordstrom, 169 Minn. 214, 210 N. W. 1001; State v. Swenson, 172 Minn. 277, 215 N. W. 177, 54 A. L. R. 490. Here appellants were served with summons according to the law under which they were licensed to do business as brokers. Appellants

argue that since all the securities they dealt in were listed on the New York Stock Exchange and were exempt from registration they were not under the blue sky law. They were required to have a license under that law to do business as brokers in this state regardless of whether the securities dealt in were exempt from registration or were required to be registered. It is true that service of summons or process pursuant to § 3996-11 does not give the court jurisdiction of nonresident defendants in an action not growing out of the brokerage business they were licensed to conduct. Thus in Dragon M. C. Co. Ltd. v. Storrow, 165 Minn. 95, 205 N. W. 694, it was held that service of process upon one appointed under L. 1917, c. 429, the then blue sky law, did not give the court jurisdiction of the nonresident defendants where the cause of action arose in a foreign country and bore no relation to the subject matter of c. 429. But the transaction now before us occurred in the business appellants were licensed to carry on in this state. Not alone §§ 3996-9 and 3996-11, but other provisions in the blue sky law in force when the deals occurred, upon which recovery is here sought, and when the service of summons was made, clearly show that appellants' business as brokers in securities was done under the provisions of that law. Their license was subject to be revoked for cause, one cause being their insolvency, another their becoming of bad repute in business, or their engaging in any fraudulent transactions. This part of § 3996-9 certainly embraces and covers the dealings attempted to be set out both in the original and amended complaints:

"Whenever it shall appear from evidence satisfactory to the Commissioner of Securities that any securities are being sold, have been sold, or are about to be sold, and with fraudulent intent, in violation of any of the provisions of this Act, or that in the issuance, sale, promotion, negotiation, advertisement, or disposition of any securities including any securities exempted by Section 3996-2 of Mason's Minnesota Statutes for 1927, or in any transaction exempted by Section 3996-3 of Mason's Minnesota Statutes for 1927," the commissioner shall have power to proceed by injunction or have a receiver appointed.

It would seem that if a broker deprives a customer of securities intrusted to him for sale or of money delivered to purchase securities, it is a fraud or violation of duty—something that establishes bad business repute of the broker and violative of the license under which he operates. And this is so whether the transaction related to securities required to be registered or to securities exempt from registration. Anderson v. Chase Securities Corp. 193 Minn. 443, 258 N. W. 743, is authority for holding the service of the summons here good, being made on the properly appointed person in an action relating to transactions of appellants as licensed nonresident brokers in securities. The service of the summons in the Anderson case, though relating to a brokerage transaction, was not made on the commissioner of securities, but on the secretary of state, which was held bad. As further authorities that the service of summons on the commissioner of securities gave the court jurisdiction over the person of appellants, we cite Davidson v. Henry L. Doherty & Co. 214 Iowa, 739, 241 N. W. 700, and the annotation thereof in 91 A. L. R. 1327. In the Davidson case there was no appointment of one upon whom service of process could be made as in the case here. The summons as served subjected appellants to the jurisdiction of the court, and the court rightly denied the motion to set aside the service.

There is another ground upon which the order appealed from must be affirmed. Appellants answered with a general denial only, and thereafter moved the court to strike out the complaint or that plaintiff be required to make it more certain and particular in many specified paragraphs. This was a general appearance. 1 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) §§ 476 and 479, and 2 Mason Minn. St. 1927, §§ 9238 and 9239, provide:

"A voluntary appearance by the defendant shall be equivalent to personal service, unless the same be made for the sole purpose of attacking the jurisdiction."

"A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance."

To obviate the effect of their answer and motion for relief, appellants claim that when plaintiff desired to amend the complaint and

before the court acted on appellants' motion for relief the parties entered a stipulation which annulled the appearance made by the answer and the motion. The pertinent part of the stipulation reads:

"It is stipulated that the plaintiffs above named will serve an amended complaint, in each of said actions, upon said defendants on or before June 20, 1935; such amended complaints to be served and filed without prejudice to the right of said defendants, following such service, to raise such questions as they shall desire as to jurisdiction, venue, or other questions, by motion or other appropriate procedure, or to demur, answer or otherwise plead to such amended complaint."

We cannot construe this stipulation as a withdrawal of the answer or the general appearance resulting from the motion asking the court for relief against the complaint. The syllabus in Allen v. Coates, 29 Minn. 46, 11 N. W. 132, is:

"Appearance waives defects in service of process. A general appearance cannot be set aside unless induced by fraud or mistake."

There is absolutely no suggestion of fraud or mistake in the record. If there was haste for answer, counsel had time for reflection and deliberation before he made the motion to strike or amend the complaint. Feeble is the suggestion that the original complaint was a fraud to induce appellants to come into court; and far-fetched is the supposed analogy of these three cases cited by appellants to show that whenever a defendant by fraud has been induced to bring his property or himself within the reach of the court the court will, on its own motion, when such fraud appears, refuse jurisdiction: Chubbuck v. Cleveland, 37 Minn. 466, 35 N. W. 362; Columbia Placer Co. v. Bucyrus S. S. & D. Co. 60 Minn. 142, 62 N. W. 115; Kertson v. G. N. Exp. Co. 72 Minn. 378, 75 N. W. 600. Obviously, these authorities are not here applicable. The cause of action attempted to be stated in the original complaint is not materially different from the one in the amended complaint. Both are for the recovery of money upon a transitory cause of action. The original as well as the amended pleading alleges the cause of action upon

transactions of appellants with plaintiff as brokers doing business in this state. Under well established practice there was a general appearance by appellants in the case, and the stipulation cannot be given the effect of withdrawing the answer or appearance. We have assumed the paper book to contain all the files in the actions.

The order is affirmed in each case.

