## VOGEL v. CHASE SECURITIES CORPORATION.
### No. 671.

District Court, Minnesota, Second Division.
Aug. 19, 1936.

Stinchfield, Mackall, Crounse, McNally & Moore and John M. Palmer all of Minneapolis, Minn., for the motion.

T. O. Streissguth, of New Ulm, Minn., opposed.

NORDBYE, District Judge (after stating the facts as above).

The motion to quash herein presents, in part, questions which were before the Supreme Court of Minnesota in Streissguth v. Chase Securities Corporation, 268 N.W. 638, decided on July 24, 1936. In so far as that case is applicable, the court approves the conclusions reached. However, other grounds in support of the motion are urged: (1) That the service of the summons and complaint upon the Deputy Commissioner did not confer jurisdiction; and (2) that the service cannot be sustained because the transaction giving rise to the cause of action is not covered by the Securities Act (Mason's Minn.St.1927, § 3996-1 et seq.).

It appears that the service was made by the Deputy Commissioner under authority of the Laws 1925, c. 426, art. 8, § 3, which provides: "During the disability of the commissioner of securities or absence from the seat of government, said deputy shall have and possess all the rights and powers and perform all the duties of said commissioner of securities."

■ An affidavit has been filed by Charles L. Hayes, who is the Deputy Commissioner of Securities of the Department of Commerce of the state of Minnesota, in which he states that when service was made upon him in the above matter, S. Paul Skahen, the Commissioner of Securities, was absent from the seat of government. In complying with section 3996-11, Mason's Minnesota Statutes, in appointing its attorney upon whom process may be served, defendant designated the Commissioner of Securities and his successor in office. The deputy, by virtue of the statute quoted, possessed all the rights and powers of the Commissioner and was his successor within the meaning of section 3996-11. It is the court's opinion that the service comes fairly within the scope of the power of attorney and the spirit of the statute, and it should not be defeated on the ground urged.

■ It is conceded that this action is not an ordinary Blue-Sky action, wherein the plaintiff seeks a recovery by reason of a transaction violating the statute governing the sale of securities in this state. The sale in question was made on May 7, 1929, which is more than six years prior to the commencement of this action. If plaintiff sought recovery solely by reason of the violation of the statute enacted for the protection of a class, his rights have been barred by the statute of limitations. Burzinski v. Kinyon Investment Company, 192 Minn. 335, 341, 256 N.W. 233; Olesen v. Retzlaff, 184 Minn. 624, 238 N.W. 12, 239 N.W. 672, 78 A.L.R. 891. An inspection of plaintiff's complaint indicates that he charges affirmative fraud and seeks to establish his right of recovery by reason of certain fraudulent representations. In paragraph 5 of the complaint, he alleges as inducing representations that:

"The defendant then and there falsely and fraudulently stated and represented to plaintiff that the organization of said corporations, and each of them, and issuance and sale of stock by them, and each of them, was regular and legal; that it, the defendant corporation, had complied with the laws of the United States, and the laws of the State of Minnesota, in soliciting plaintiff and offering said stocks, and each of them, for sale and in selling them, and that it was then and there duly licensed to offer to sell and to sell said stock and all thereof in the State of Minnesota, and that said stock, and all thereof, had been and was then duly registered for sale under and pursuant to the laws of the State of Minnesota; that defendant, then and there, further represented and stated to plaintiff that said stock, and all thereof, was being sold by it, as an agent and broker for persons and corporations, other than said

bank and said defendant, and not as owner thereof, and that it had no interest in said sale except as such agent and broker, and that there was an actual bona fide and unmanipulated market for such stock at the price at which defendant then and there offered it to plaintiff, and that the sale of said stocks by defendant to plaintiff, was legal, bona fide and genuine."

It is further alleged that the plaintiff relied upon the statements and representations and that the statements and representations were false and untrue in the particulars set forth in paragraph 7 of the complaint, and by reason of the fraud seeks to rescind the transaction and recover the money paid, less such dividends, rights, and other income which he has received.

Whether all the representations recited in the complaint are material and can furnish a basis for an action in fraud, this court does not now decide. It would appear that the principal question before the court is whether or not the service by virtue of the power of attorney filed with the Commissioner of Securities will support a proceeding of this kind, an action based upon common-law fraud. In other words, is this a proceeding in relation to or involving a transaction under the Securities Act which was in force at the time of this sale? The determination of the nature of the action raises incidentally the question of the statute of limitations that applies. This question has been fully discussed in the briefs, though it is not directly before the court on the motion to quash.

■ A sale in violation of the Securities Act gives rise to a cause of action for money had and received. Vercellini v. U. S. I. Realty Company, 158 Minn. 72, 196 N.W. 672; Webster v. U. S. I. Realty Company, 170 Minn. 360, 212 N.W. 806. A contract in violation of a penal statute is illegal, and, without proving anything more, recovery may be had. This type of action arising under the Securities Act is commonly referred to as a Blue-Sky action, and obviously when recovery may be had by merely establishing the violation of the securities statute, there is no purpose in alleging or proving anything more. But the sale of securities may be induced by affirmative representations regarding the alleged compliance with the securities law, and such representations, if material and untrue, may support an action for fraud in equity to rescind, or in law for damages.

One cannot say on a motion to quash that a representation that stock is registered under the laws of the state is not a material representation. Whether a stock is registered or unregistered may have an unquestioned bearing upon its market value. Plaintiff alleges that, among other inducing representations, defendant represented by an express statement that it had complied with the securities laws of the state of Minnesota, that he relied upon such representation and was induced to make the purchase, believing such representation to be true. He alleges that such representation was false to his damage. It is evident, therefore, that plaintiff urges active fraud beyond the failure to comply with the statute. He is not seeking a recovery by reason of any implications arising by reason of a failure to comply with the statute. He charges specific, express statements and representations designed to defraud the plaintiff, and he avers that he did not discover the fraud until after June 1, 1935. It is the court's opinion that, on this motion, the complaint states a cause of action in fraud and that the running of the statute does not commence until the fraud was discovered. Section 9191, subd. 6, Mason's Minnesota Statutes 1927.

In discussing the Minnesota statute, section 10407 (Mason's Stat.1927), which makes it an offense in directors to receive deposits in an unsafe or insolvent bank knowing or having good reason to know its condition, the court in Olesen v. Retzlaff, supra, 184 Minn. 624, at page 629, 238 N. W. 12, 14, 239 N.W. 672, 78 A.L.R. 891, stated:

"The plaintiff's complaint goes further than an action under section 10407. He claims, as to the first five causes of action, that there was actual fraud in the defendants in falsely and with intent to deceive representing that the bank was solvent and had sufficient assets to pay its debts. That there may be actual and actionable fraud justifying a recovery, apart from the statute, and within the meaning of section 9191 (6), is without much doubt." (Citing cases).

It may be noted that the court took pains to say that, if section 9191, subd. 6, is to apply, it would be necessary for the plaintiff to prove something more than the mere violation of the statute (section 10407), and, further, that there was no disposition on the

part of the court to extend section 9191, subd. 6, to a situation where there was no actual fraud, only a violation of the penal statute.

 There cannot be much question but that the proceeding herein is in relation to and involves a transaction under the Securities Act. A sale by a licensed broker of unlicensed securities is a transaction in direct violation of the license granted to the broker by the state. In making the sale in question, the defendant did so by virtue of its authority as a licensed broker under the act. The lawsuit herein arises out of the brokerage business that defendant was licensed to conduct in this state. Armed with this license, it sold these securities to plaintiff and others, and plaintiff avers that, when the securities were sold to him, certain fraudulent representations were made as an inducement to the sale. The act in effect at the time provides that the commission shall have power to revoke or cancel a broker's license where it appears that the licensee has violated, or is about to violate, any of the provisions of the act. Clearly, a sale of unregistered securities by a licensed broker would be an act in direct violation of the broker's duty under the act. Whatever may be the right to serve the Commissioner under section 3996-11 in an ordinary fraud action against a licensed broker, the instant case involves a claim of fraud where the principal ground of fraud relates to an alleged untrue representation made by the broker to the effect that the securities sold were registered under the state laws. It must be apparent that the fraud asserted involved a transaction which the Securities Act is specifically designed to prevent. The fact that plaintiff relies on express, fraudulent representations regarding the registration, rather than the illegality of the contract by reason of the violation of the statute, does not militate against his position that the proceeding herein is in relation to and involves a transaction under the Securities Act. There is no basis for the assertion that section 3996-11 was only intended to confer jurisdiction upon the Commissioner of Securities in proceedings which are generally known as typical Blue-Sky suits. Anderson v. Chase Securities Corporation, 193 Minn. 443, 258 N.W. 743; Kaiser v. Butchart et al., 197 Minn. 28, 265 N.W. 826.

In harmony with the views herein expressed, it is ordered that the motion to quash and set aside the service of the summons and complaint herein be and the same is hereby denied. It is further ordered that the defendant have twenty days after the filing of this order within which to file its answer herein.