# BENJAMIN BOYUM v. MASSACHUSETTS INVESTORS TRUST AND OTHERS.[1]

June 25, 1943.

No. 33,494.

*Daniel F. Foley,* for appellant.
*Russell Smith,* for respondent.

PETERSON, JUSTICE.

Plaintiff sues for conversion of three trust certificates. The defendant Massachusetts Investors Trust, which for convenience we shall refer to as the defendant, was organized and authorized to do business under the laws of Massachusetts, where it has its principal place of business. Service of summons and complaint on defendant was attempted by serving the commissioner of securities. From an order denying its motion to set aside the attempted service, defendant appeals.

[1]Reported in 10 N. W. (2d) 379.

In 1932 plaintiff purchased 141 of defendant's shares, represented by three certificates, through Webb, Hemingway & Company of Minneapolis, an independent dealer which had no connection with defendant as agent, employe, representative, or otherwise. In 1934, upon a forged endorsement of plaintiff's name upon the certificates, defendant transferred them from plaintiff's name to that of Hoit, Rose & Troster of New York, to whom the forger had sold them.

At the time plaintiff purchased the certificates they were registered securities under a registration by defendant pursuant to the provisions of the blue sky law, Mason St. 1927, §§ 3996-4 to 3996-8. Pursuant to *Id.* § 3996-11, before having the certificates registered, defendant irrevocably appointed the commissioner of securities as its attorney for service of process "in any action or proceeding * * * in relation to or involving any transaction covered" by the blue sky law.

Defendant has not sold any securities and has not had any office, agent, or employe within the state. It is conceded that it was not doing business within the state and consequently was not subject to jurisdiction upon that ground. The sole ground upon which jurisdiction is claimed is that the appointment of the commissioner of securities as agent for service of process authorized the service of process in the instant case. The question, therefore, is: Does the appointment of the commissioner of securities as agent for service of process, pursuant to § 3996-11, by a nonresident issuer of securities, who is not engaged in the business of selling such securities within the state and who has no office, agent, nor employe therein, constitute the commissioner of securities the issuer's agent for service of process in an action to recover for the issuer's subsequent conversion of securities issued by it and purchased by a resident of the state from a dealer therein who is neither the agent, employe, nor representative of the issuer?

The statute, and the appointment of the commissioner of securities as agent for service of process executed pursuant thereto, authorize such service upon a nonresident making such appoint-

ment only in an action or proceeding in relation to or involving a transaction covered by the act. Where the action or proceeding is not in relation to and does not involve a transaction covered by the act, neither the statute nor an appointment executed pursuant thereto authorizes service of process upon the commissioner of securities. In Dragon Motor Car Co. Ltd. v. Storrow, 165 Minn. 95, 205 N. W. 694, we held such service unauthorized where the cause of action arose in a foreign country and the cause of action did not arise out of anything which the defendant did or failed to do as a dealer in securities within the state. In Streissguth v. Chase Securities Corp. 198 Minn. 17, 268 N. W. 638, we pointed out that if the transaction occurred in a foreign state it was one not covered by the act, and hence service upon the commissioner was unauthorized in such a case. In the instant case defendant disclaims all knowledge as to where the alleged conversion took place. In Zochrison v. Redemption Gold Corp. 200 Minn. 383, 274 N. W. 536, we held that such service could not be made on the commissioner in a minority stockholders' suit for relief against official misconduct of the majority group of stockholders and other corporate mismanagement occurring in a foreign state subsequent to the registration under which the securities were sold here. (The writer dissented upon the grounds that the defendants were guilty of fraud in the registration of the securities there involved and that, because of such fraud, service upon the commissioner of securities was authorized.)

The conversion of plaintiff's certificates by defendant approximately two years after he purchased them was not an act in relation to or involving a transaction covered by the statute. No provision of the blue sky law by its terms covers the instant case. The conversion did not arise out of the registration of the securities. Registration of securities is required in order to furnish the regulatory authority and to supply purchasers with information concerning securities sold and to qualify them for sale. Section 3996-4 provides: "No securities shall be sold within the state of Minne-

sota unless or until such securities have been registered as herein provided." Registration involves procuring a right to sell after the securities have passed inspection by the commissioner. See State v. Gopher T. & R. Co. 146 Minn. 52, 177 N. W. 937. The purpose of the blue sky law is to protect the public against fraud in in the sale of securities. To that end, public authority has undertaken regulation and control of the classes and kinds of securities to be offered to the public for purchase and of the conduct of the business of vending them. State v. Hofacre, 206 Minn. 167, 288 N. W. 13; Kaiser v. Butchart, 197 Minn. 28, 265 N. W. 826. Defendant did not sell or have anything to do with the sale of the certificates purchased by plaintiff. In fact, plaintiff does not claim any fraud in the sale, nor is defendant charged with any misconduct in the vending of its securities. Plaintiff claims, however, that the issuer of securities impliedly contracts that it will protect the interests of the owner by not making a wrongful transfer thereof. There is such a duty, but it is not one arising out of contract. It is one imposed by law. The duty exists where there is no basis for an inference that the parties so contracted. The rule invoked by plaintiff is that one whose stock has been wrongfully transferred on the books of a corporation may treat the transfer as invalid and sue either in equity to compel the corporation to restore him to his rights as a stockholder or at law for conversion of his shares by the corporation. See 13 Am. Jur., Corporations, p. 422, § 376. The parties have assumed that the rule applies to certificates issued by a Massachusetts trust. In the instant case plaintiff has elected to sue for conversion. The action is not on contract, but in tort. The form of the action aside, recovery in any case is based upon duty imposed by law and not by contract. Consequently, the wrong of which plaintiff complains is not one in relation to or involving a transaction covered by the blue sky law.

Plaintiff contends that service in the instant case upon the commissioner is authorized under our decision in Kaiser v. Butchart, 197 Minn. 28, 265 N. W. 826, *supra,* where we held that such service may be made in an action to recover for conversion of stocks en-

trusted to an authorized broker's agent who wrongfully converted them in breach of duty as such. We said (197 Minn. 32, 265 N. W. 828) :

"* * * But the transaction now before us occurred in the business appellants were licensed to carry on in this state. Not alone §§ 3996-9 and 3996-11, but other provisions in the blue sky law in force when the deals occurred, upon which recovery is here sought, and when the service of summons was made, clearly show that appellants' business as brokers in securities was done under the provisions of that law."

Here, nothing wrongful occurred in respect to the registration, which was the only act of defendant in the state. The distinction is that in the Butchart case the wrong was in connection with the very business the defendants were licensed under the blue sky law to conduct, and in the instant case there was no wrong by defendant in connection with the registration of its securities, the only act done by it within the state. Hence the Butchart case is not controlling here.

Our conclusion is that service of process upon defendant by serving the commissioner of securities was unauthorized. Therefore the court should have granted defendant's motion to set aside the service of process and to dismiss the action.

Reversed with directions to set aside the service of process and to dismiss the action.