In the Matter of the Registration of Di-VALL INSURED INCOME PROPER-TIES 2 LIMITED PARTNERSHIP.

No. C0–89–561.

Court of Appeals of Minnesota.

Sept. 26, 1989.

Robert C. Carlson, Holmes & Graven, Chartered, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Gregory P. Huwe, Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by WOZNIAK, C.J., and HUSPENI and RANDALL, JJ.

## OPINION

RANDALL, Judge.

On February 28, 1989, the Minnesota Department of Commerce (Department) is-

sued an order denying the effectiveness of the registration statement of appellant DiVall Insured Income Properties 2 Limited Partnership. On March 29, 1989, appellant's petition for writ of certiorari was filed with this court and served on respondent agency and judicial review was obtained pursuant to Minn.Stat. § 14.63 (1988). We affirm the decision of the Department.

## FACTS

On January 29, 1988, DiVall Real Estate Securities Corporation submitted an application for registration of limited partnership interests in DiVall Insured Income Properties 2 Limited Partnership (DiVall), a Wisconsin limited partnership formed for the purpose of acquiring, owning and operating commercial real estate. The DiVall real estate group consists of several companies located in Madison, Wisconsin, which provide a full range of real estate-related investment services and products. In the last 16 years, DiVall has offered 38 real estate limited partnerships, which have raised over $50,000,000 from over 2,000 investors. By its application, appellant sought to engage in the sale of limited partnership interests to Minnesota investors. The Minnesota Securities Regulation Act requires that prior to the public sale of securities in the State of Minnesota, a registration statement must be filed with the Department. *See* Minn.Stat. § 80A.08 (1988).

In February of 1988, the Department distributed an office memorandum to staff members reviewing applications for securities registration. The memorandum stated that the Department had been receiving an increasing number of applications where the terms "guaranteed" or "insured" were used in the name of the issuer of securities. It reads in part:

In most cases, the actual security being offered is not guaranteed or insured, but rather underlying collateral is insured. Yet, the impression conveyed by the name of the issuer or the description of the securities is that the securities themselves are insured.

Accordingly, because of the confusing and potentially misleading nature of such terms, applications for registration containing the terms "guaranteed" or "insured" in the issuer's name or description of securities should be denied registration, unless good reason exists for permitting the use of such terms. * * *

On February 25, 1988, the Department sent a letter to DiVall objecting to the use of the term "insured" in the name of the offering on the grounds that the implication to investors would be that the return on the investment is insured. DiVall declined to remove the word "insured" from the name of its proposed offering, but in the alternative proposed to attach a lengthy supplement or "sticker" to the front of the offering's prospectus explaining in part:

Prospective Minnesota investors are advised that the term "insured" appearing in the Partnership's name should not be construed to mean that the investment is, in any respect or by any means, insured or guaranteed. Use of the terms "insured" and "insurance" is intended to reflect the Partnership's requirement that a certain portion of some lease payments to which the Partnership is entitled under its property leases must be subject to commercial lease insurance for a limited period of time in order to provide for continuation of lease income relating to a property while the Partnership attempts to find a replacement lessee or dispose of a property. THUS, THERE IS NO ASSURANCE THAT ANY PORTION OF A SUBSCRIBER'S INVESTMENT WILL BE RECOVERED, THAT ANY RETURN ON THAT INVESTMENT WILL BE PROVIDED, OR THAT ANY OF THE INVESTMENT OBJECTIVES OF THE PARTNERSHIP WILL BE ATTAINED. THE WORD "INSURED" IN THE PARTNERSHIP'S NAME DOES NOT MEAN THAT THE INTERESTS ARE INSURED AGAINST ANY POTENTIAL LOSS.

* * * * * *

On June 28, 1988, Commissioner of Commerce Michael A. Hatch issued an order denying the effectiveness of appellant's registration and giving notice of right to a hearing. The Commissioner determined that because "the use of the word 'insured' in the name of the issuer may tend to mislead investors by implying that either income on their investment or the investment itself is guaranteed or insured," the registration contained a statement which was, in light of the circumstances under which it was made, false or misleading with respect to a material fact under Minn.Stat. § 80A.13, subd. 1 (1988).

Appellant contested the decision and on August 10, 1988, a hearing was held pursuant to Minn.Stat. § 80A.24, subd. 1 (1988). The administrative law judge (ALJ) found that DiVall declined to remove the word "insured" from its name for two reasons:

(1) DiVall believes that the word is necessary to describe accurately the character of the offering; and (2) it would be unreasonably expensive (over $30,000) to remove the word from its name in the prospectus and other registration materials.

It was also found that the partnership proposes to buy and lease fast food and family restaurant properties to operators or franchisees, and the

word "insured" is included in the Partnership's name to inform prospective investors that the lease payments on the underlying leases would be covered by rent guaranty insurance.

The findings referenced portions of the DiVall prospectus which fully describe the rent guaranty insurance provided, the extent of insurance coverage required, and the risks involved.

The ALJ concluded that "DiVall's registration statement, with the supplement or 'sticker' proposed stapled to the front of its prospectus, does not" contain any statement which is false or misleading with respect to a material fact under Minn.Stat. § 80A.13, subd. 1(b)(1). Accordingly, it recommended that the Commissioner approve the registration of DiVall Insured Income Properties 2 Limited Partnership.

Exceptions were filed to the recommendation of the ALJ and the Commissioner issued its own findings of fact, conclusions of law, and order denying the effectiveness of appellant's registration statement. The Commissioner found that:

[T]he impression conveyed by the name "DiVall *Insured Income* Properties 2 Limited Partnership" is that an investor's investment, particularly the return on that investment, is somehow insured.

(Emphasis added by the Commissioner).

He concluded that such a statement in the title of the prospectus is, in the light of the circumstances under which it is made, misleading as to a material fact. Accordingly, the Commissioner concluded that the registration statement of DiVall Insured Income Properties 2 Limited Partnership violates Minn.Stat. § 80A.13, subd. 1(b)(1).

## ISSUE

Is the decision of the Commissioner that appellant's name constitutes a statement which, in light of the circumstances under which it is made, is misleading as to a material fact, reversible under Minn.Stat. § 14.69 (1988)?

## ANALYSIS

On review of an agency decision under the Minnesota Administrative Procedure Act, appellate courts:

[M]ay reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the administrative finding, inferences, conclusion, or decisions are:

\*     \*     \*     \*     \*     \*

(d) affected by other error of law; or

(e) unsupported by substantial evidence in view of the entire record as submitted; or

(f) arbitrary or capricious.

Minn.Stat. § 14.69 (1988). Appellant argues that the Commissioner's order was

erroneous, arbitrary and capricious, unsupported by substantial evidence, and should be reversed. We conclude that appellant has not met its burden of proving that the agency's conclusions violate any of the provisions of Minn.Stat. § 14.69. *See Markwardt v. State Water Resources Board,* 254 N.W.2d 371, 374 (Minn.1977).

It is established that appellate courts in Minnesota

adhere to the fundamental concept that decisions of administrative agencies enjoy a presumption of correctness, and deference should be shown by courts to the agencies' expertise and their special knowledge in the field of their technical training, education and experience.

*Reserve Mining Co. v. Herbst,* 256 N.W.2d 808, 824 (Minn.1977). *See also Crookston Cattle Co. v. Minnesota Department of Natural Resources,* 300 N.W.2d 769, 777 (Minn.1980). In addition, where evidence is conflicting or more than one inference may be drawn from the evidence, an agency's findings must be upheld even in matters not subject to prior judicial construction. *See Minnesota Life & Health Insurance Guaranty Association v. Department of Commerce,* 400 N.W.2d 769, 773 (Minn.Ct. App.1987).

In this case, the Commissioner made findings supported by the record:

Only a portion of the lease payments to which the Partnership is entitled are insured. Neither the appreciation of the real estate, the remaining portion of the lease, nor the operating expenses of the properties, are insured. As a result, while a portion of some rental income to DiVall may be insured, at no time is income to the investor insured.

More specifically, because the lessees of partnership property are not required to obtain rent guaranty insurance if such lessees have a net worth in excess of $5,000,-000, and because even where rent guaranty insurance is required, only 80 percent of one year's rent is insured, the Commissioner found that overall the partnership's income is not "insured" in the common

understanding of the term. Appellant does not even controvert that aspect of the Department's analysis, but insists that the body of the prospectus and the sticker they are willing to attach clears up any misunderstanding or ambiguity created by the word "insured" used in the title.

As appellant urges, the evidence as to the nature of the rent guaranty insurance described in the body of appellant's prospectus is clear. Further, appellant's testimony at the agency hearing was in accord with the lengthy explanation of the term "insured" in the prospectus.

We also agree with appellant that the body of the prospectus does not make false or misleading statements with respect to such insurance. Rather, the sole basis for the Commissioner's denial of appellant's registration statement is that the *title* in and of itself is, or may be, misleading.

Minn.Stat. 80A.13, subd. 1 (1988) provides:

The commissioner may issue a stop order denying effectiveness to, or suspending or revoking the effectiveness of, any registration statement if the commissioner finds (a) that the order is in the public interest and (b) that

(1) the registration statement * * * is incomplete in any material respect or contains any statement which was, in the light of the circumstances under which it was made, false or misleading with respect to any material fact[.]

The Commissioner denied the effectiveness of appellant's registration statement, concluding that the name of the issuer, DiVall Insured Income Properties 2, constituted a statement which, in the light of the circumstances under which it is made is misleading as to a material fact under Minn.Stat. 80A.13, subd. 1(b)(1).

Minnesota's Blue Sky laws are intended to put a stop to the sale of securities that will not pass inspection by the state securities commission, and are a proper exercise of the police power of the state to protect the public against imposition.

*State v. Gopher Tire & Rubber Co.,* 146 Minn. 52, 55, 177 N.W. 937, 938 (1920). *See also Logan v. Panuska,* 293 N.W.2d 359, 362 (Minn.1980). Securities are registered in this state in order to qualify them for sale and to furnish the agency and the purchasing investor with information. *See Boyum v. Massachusetts Investors Trust,* 215 Minn. 485, 488, 10 N.W.2d 379, 381 (1943) ("Registration involves procuring a right to sell after securities have passed inspection by the commissioner."). Appellate courts will uphold the agency's denial of an application to register securities where the decision is not arbitrary, oppressive or unreasonable. *See State ex rel. Kerr–Hull v. Department of Commerce,* 178 Minn. 623, 228 N.W. 162 (1929).

This is basically a case of truth in labeling. Appellant argues that "Insured" was included in its title only to inform potential investors that the lease payments on the underlying leases of partnership property would generally be covered by rent guaranty insurance. However, it is not appellant's intent in the wording of its title that is at issue. Rather, it is the meaning that is conveyed or that is possibly conveyed to prospective investors by the title. It is not necessary to diagram the grammar involved to determine if "Insured" modifies "Income" or "Insured Income" modifies "Properties" in the title "DiVall Insured Income Properties 2 Limited Partnership." Appellant wisely avoids this discursion because, as respondent notes, there is at least an implication in the title of the prospectus that "income" is somehow "insured." As the ALJ noted in his memorandum recommending registration:

> The concern of the Department of Commerce is valid—an investor listening to a telephone solicitation from a securities dealer or broker may be misled, initially, into believing that the investment they are being approached to make is one that is guaranteed to give them a return simply by listening to the name of the offering.

Appellant does not dispute that the name of the partnership, standing alone, may be misleading. Rather, they contend, as the ALJ concluded, the title is not a misleading statement in light of the circumstances in which it is presented to the potential investor. Appellant argues that the Commissioner erred by failing to consider the "light of the circumstances under which" the statement is made. *See* Minn.Stat. § 80A.13, subd. 1(b)(1). Appellant argues that the proposed supplemental sticker and the body of the prospectus clearly explain the meaning of the term "insured" in the title and explain the nature of the rent guaranty insurance so that the registration statement as a whole is not "false or misleading with respect to any material fact." *Id.*

However, under Minnesota law, a registration statement which "contains *any* statement" which under the circumstances is misleading as to a material fact, may be denied by the Commissioner of Commerce. *Id.* (emphasis added). We find the Commissioner neither exceeded his authority nor acted arbitrarily in concluding that the title of the issue, with its reference to "insured income," is misleading as to a material fact. Contrary to appellant's assertions, additional disclosures which disclaim, explain or qualify an initially misleading statement do not bring the prospectus in compliance with Minn.Stat. § 80A.13.

■ Finally, the Department of Commerce was within its authority in adopting a policy initiative to consider, on a case-by-case basis, whether the terms "insured" and "guaranteed" should reasonably be included in the title of securities registered in this state. *See Bunge Corp. v. Commissioner of Revenue,* 305 N.W.2d 779, 784–85 (Minn.1981).

■ Minnesota is a "merit review" state, which means that our securities act is designed to protect investors by "regulating the merits of securities offered for sale to the public." *State v. Coin Wholesalers, Inc.,* 311 Minn. 346, 355, 250 N.W.2d 583, 588 (1976). Thus, in Minnesota an issuer of securities must do more than disclose the

nature of the investment; it must comply with substantive requirements relating to the merits of the securities offered. *State v. Investors Security Corp.*, 297 Minn. 1, 7–8, 209 N.W.2d 405, 408–09 (1973).

We do note the record supports appellant's contention that it has a clean track record as a legitimate investment vehicle. We do not believe that a *knowledgable* investor, when reading the prospectus as a whole, would come away misled as to the extent of the insurance coverage. The Department's judgment arguably may be hypertechnical in this instance. However, the Department was acting within its authority when it examined the merits of the name, as well as the substance of the offering, and the denial of registration here does not meet the threshold of arbitrary and capricious.

We conclude that the Commissioner's findings of fact were supported by substantial evidence and he did not err as a matter of law in concluding that the title of appellant's securities offering is misleading as to a material fact under Minn.Stat. § 80A.13, subd. 1(b)(1). The Commissioner's decision was not arbitrary or capricious. *See Kerr–Hull*, 178 Minn. 623, 228 N.W. 162; *State ex rel. Hardstone Brick Co. v. Department of Commerce*, 174 Minn. 200, 219 N.W. 81 (1928).

## DECISION

The decision of the Commissioner to deny the effectiveness of appellant's securities registration statement was neither affected by error of law, unsupported by substantial evidence, nor arbitrary and capricious.

Affirmed.